Strafford
No. 90-297

# THE STATE OF NEW HAMPSHIRE

v.

# ROBERT C. HURLBURT

December 11, 1991

*John P. Arnold,* attorney general (*David S. Peck,* senior assistant attorney general, on the brief and orally), for the State.

*W. Kirk Abbott, Jr.,* assistant appellate defender, of Concord, by brief and orally, for the defendant.

*Robert C. Hurlburt,* by brief, *pro se.*

JOHNSON, J.   A jury convicted the defendant, Robert Hurlburt, of being a felon in possession of a firearm, in violation of RSA 159:3, and he was sentenced by the Trial Court (*Nadeau,* J.) to an extended term of 7½–15 years. We reversed the conviction in *State v. Hurlburt,* 132 N.H. 674, 569 A.2d 1306 (1990). At retrial, the defendant was again convicted by a jury. This time, however, a different Trial Court (*Temple,* J.) sentenced him to an extended term of 10–30 years, and he brought this appeal.

The defendant argues that the second trial court erred in: (1) admitting evidence of a prior robbery conviction to establish that the defendant was a felon; (2) admitting statements made in violation of defendant's *Miranda* rights; (3) sentencing defendant to a greater period of incarceration at the retrial than had been given at the first trial; and (4) finding that the extended sentence statute, RSA 651:6, applied. We affirm.

The record establishes the following facts. State Troopers Michael Hambrook and Brian Hester arrested the defendant, pursuant to a warrant in connection with another complaint, at a Rochester resi-

dence. While making the arrest, the troopers discovered and seized a disassembled .22 caliber rifle. The defendant was taken to the Rochester police station, where Trooper Hambrook questioned him regarding ownership of the rifle. The defendant indicated that the rifle did not belong to him and that he was cleaning it at the time of the arrest. This statement was introduced at trial as evidence that the defendant was "in possession" of a firearm.

The defendant first claims that the trial court abused its discretion under New Hampshire Rule of Evidence 403 when it allowed the State to introduce an exemplified copy of an eleven-year-old robbery conviction to establish that the defendant was a felon. Assuming that this claim was adequately preserved for appeal, we find it to be without merit.

Under Rule 403, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." The defendant argues that evidence of the robbery conviction had minimal probative value because he had previously offered to stipulate that he was a felon and because other, less-prejudicial convictions (such as forgery and aggravated assault) were available. Thus, he contends, the robbery conviction was inadmissible under Rule 403 because its prejudicial impact substantially outweighed its minimal probative value.

In order to show that the trial court abused its discretion in applying Rule 403, the defendant must "demonstrate that the discretionary ruling [was] clearly untenable or unreasonable to the prejudice of his case." *State v. Cochran*, 132 N.H. 670, 672, 569 A.2d 756, 757 (1990). Moreover, "the prejudice required to predicate reversible error [under Rule 403] is an undue tendency to induce a decision against the defendant on some improper basis." *Id.*

Evidence of the robbery conviction did not create this degree of prejudice for two reasons. First, even without evidence of the robbery conviction, the jury would still have been informed that the defendant was a felon. As the State notes in its brief, "if left to speculate about the nature and extent of defendant's felony record, the jury might well have conjured up an image of numerous, recent, and/or violent felonies far more prejudicial to defendant than . . . a single 1977 robbery conviction." Second, the robbery conviction was introduced into evidence without emphasis. The prosecutor simply asked that the conviction "be admitted into evidence as an official public record for the purpose of proving the defendant's felony conviction in Florida in 1977." No further mention of the conviction was made

to the jury at the time of introduction, and the exemplified copy of the conviction contained no mention of the elements or nature of the robbery.

The defendant next claims that the trial court erred in admitting into evidence his statement that he was cleaning the firearm at the time of arrest. He argues that he made the statement to Trooper Hambrook in the absence of a *Miranda* waiver. Thus, he concludes, it was admitted in violation of the fifth and fourteenth amendments to the Federal Constitution and part I, article 15 of the State Constitution. We disagree.

At the preliminary hearing, the trial court was presented with conflicting testimony regarding the defendant's waiver of his *Miranda* rights. The defendant claimed that he was not fully informed of his rights and that he invoked his right to remain silent. Trooper Hambrook, on the other hand, claimed that the defendant was fully informed of his *Miranda* rights and indicated a willingness to talk. Hambrook's version of events was corroborated by Trooper Hester, who testified that the defendant seemed willing to talk. Upon hearing the above conflicting testimony, the trial court made the following finding:

> "Trooper Hambrook's testimony at the hearing was credible, and I find from the evidence introduced that the defendant was adequately warned of his constitutional rights. I further find beyond a reasonable doubt that the defendant knowingly, intelligently and voluntarily waived those rights, that he wanted to talk to the police, and that he did talk to the police."

██ Clearly, the trial court is in the "best position to weigh the credibility of the witnesses." *State v. Plante*, 133 N.H. 384, 387, 577 A.2d 95, 97 (1990). Thus, "we will not reverse its finding on the issue of waiver unless the manifest weight of the evidence, when viewed in the light most favorable to the State, is to the contrary." *Id.* Upon reviewing the record under this standard of review, we fail to find any reason to overturn the trial court's decision based on its assessment of the evidence presented at the preliminary hearing.

The defendant's third claim is that the trial court violated his due process rights under the fourteenth amendment to the Federal Constitution when it sentenced him to a period of incarceration exceeding the sentence received at the original trial. We hold that the defendant's federal due process rights were not violated.

■ The defendant's argument is grounded in *North Carolina v. Pearce*, 395 U.S. 711 (1969). In *Pearce*, the court held that the due process clause of the fourteenth amendment prohibited an increased sentence on retrial, where the increase was motivated by vindictiveness. *Id.* at 725. In addition, the *Pearce* Court established the following prophylactic rule:

"In order to assure the absence of [vindictiveness in sentencing], we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear."

*Id.* at 726. If this rule is not followed, a presumption of vindictiveness arises which "may be overcome only by objective information . . . justifying the increased sentence." *United States v. Goodwin*, 457 U.S. 368, 374 (1982).

■ The safeguards enumerated in *Pearce*, however, "do not apply in every case where a convicted defendant receives a higher sentence on retrial." *Texas v. McCullough*, 475 U.S. 134, 138 (1986). Rather, they apply only if "there is a *'reasonable likelihood'* that the increase in sentence is the product of actual vindictiveness on the part of the sentencing authority." *Alabama v. Smith*, 490 U.S. 794, 799 (1989) (quoting *Goodwin, supra* at 373) (emphasis added). Where no "reasonable likelihood" exists, the defendant must prove "actual vindictiveness." *Wasman v. United States*, 468 U.S. 559, 569 (1984). The United States Supreme Court has refused to apply *Pearce* in several instances: (1) where the first sentence was based on a guilty plea and the second followed a jury trial, *Smith, supra* at 798–803; (2) where the first sentence was determined by a jury and the second by a trial judge, *McCullough, supra* at 137–40; and (3) where the first sentence was determined by one jury and the second by another jury, *Chaffin v. Stynchcombe*, 412 U.S. 17, 24–28 (1973). The Supreme Court has not yet determined whether *Pearce* applies to situations where different sentencing judges are involved. *See McCullough, supra* at 140–41 n.3. We decline to find that there exists a "reasonable likelihood" that a sentencing judge who was not involved in the first trial would increase the sentence for the sake merely of vindicating a fellow judge. *See United States v. Perez*, 904 F.2d 142, 145–47 (2d Cir.) (Pearce did not apply to new sentencing judge), *cert. denied*, 111 S. Ct. 270 (1990), *cert. denied*, 111 S. Ct. 1085 (1991).

■ *Pearce*, therefore, does not apply to this case, and the defendant must prove actual vindictiveness. Because the defendant has

failed to present any evidence of actual vindictiveness, we cannot find that his fourteenth amendment due process rights were violated.

We do not reach the issue of whether the doctrine of *Pearce* applies to a new sentencing judge under the New Hampshire Constitution. In order for this court to address a State constitutional issue, "the defendant's brief must specifically invoke a provision of the State Constitution," which it does not do here. *State v. Dellorfano*, 128 N.H. 628, 632, 517 A.2d 1163, 1166 (1986).

■ The defendant's remaining arguments concern the propriety of the extended 10–30 year sentence which he received at retrial. Under the extended sentence statute, the trial court may impose an extended sentence if two requirements are met. First, the State must establish that one of seven aggravating factors exists. RSA 651:6, I (1986 and Supp. 1990). Second, "notice of the possible application of [the extended sentence statute must be] given the defendant prior to the commencement of trial." RSA 651:6, II.

In his brief, the defendant claims that the first requirement was not met because, under RSA 651:6, I(c), the State failed to present adequate evidence that the defendant had "twice previously been imprisoned . . . on sentences in excess of one year." We find that this issue was not raised in the defendant's notice of appeal and, therefore, it is not properly before the court. *See* SUP. CT. R. 16(3)(b); *Wilder v. City of Keene*, 131 N.H. 599, 605, 557 A.2d 636, 640 (1989).

The defendant next claims that the State failed to meet the notice requirement under paragraph II of the extended sentence statute. He argues that although the State properly gave written notice of its intent to seek extended sentencing prior to the first trial, it did not adequately reiterate such intent prior to the second trial. The State responds that it was not necessary to notify the defendant before the second trial, because nothing had occurred between the two trials which would warrant the belief that an extended sentence would not again be sought. We agree with the State.

The defendant's previous conviction for this same offense was reversed on February 7, 1990. Following this, plea negotiations were conducted between the State and the defendant in which the State offered a negotiated plea of 7½–15 years. Since the maximum sentence for the crime, absent application of RSA 651:6, would be 1–7 years, RSA 625:9, III(a)(2), it was clear to the defendant that the State intended to press for an extended term of imprisonment at the second trial. Additionally, in providing written notice of its intent to seek an extended sentence prior to the first trial, the State ade-

quately notified the defendant "prior to the commencement of [the second] trial" that an extended term of imprisonment would be sought. *See* RSA 651:6, II; SUPER. CT. R. 99-A.

The defendant suffered no prejudice by the State's conduct. *See State v. Coppola*, 130 N.H. 148, 155, 536 A.2d 1236, 1240 (1987) (the objective to be served by pretrial notice is to give the defendant an opportunity to offer evidence to refute the applicability of RSA 651:6), *rev'd on other grounds sub nom. Coppola v. Powell*, 878 F.2d 1562 (1st Cir. 1989). Here, the defendant had ample notice and opportunity to refute the State's evidence and arguments as to why an extended term of imprisonment was unwarranted by showing either (1) that there was a lack of evidence of one of the aggravating factors or (2) that it would be unwise in this particular case to impose an extended term of imprisonment. Accordingly, we find no error in the trial court's application of the extended sentence statute.

*Affirmed.*

BATCHELDER, J., concurred specially; the others concurred.

BATCHELDER, J., concurring specially: Although I agree with the result the court reaches, I would uphold the trial court on a different ground. The court acknowledges that the United States Supreme Court has not yet decided the precise issue presented in this case. In my view, *North Carolina v. Pearce*, 395 U.S. 711 (1969), applies to the sentence after reconviction here, notwithstanding that the defendant was resentenced by a different judge. *Pearce* serves to protect a defendant who wins a new trial after appeal from a harsher sentence, based on the potential of a retaliatory motive. That a different judge sentenced the defendant the second time around negates only the likelihood of a personal vindictive motivation; it does not guarantee the absence of a sentence made more severe out of institutional vindictiveness, *see Chaffin v. Stynchcombe*, 412 U.S. 17, 27 (1973). I would hold that the *Pearce* presumption applies in such circumstances, and a new judge on resentencing "is but a factor to be weighed with others in assaying whether the presumption has been overcome." *People v. Van Pelt*, 76 N.Y.2d 156, 161, 556 N.E.2d 423, 425, 556 N.Y.S.2d 984, 986 (1990).

In this case I would conclude that the *Pearce* requirements were met, albeit minimally. The second judge stated, prior to announcing the sentence, that the maximum enhanced sentence was appropriate "in view of [the defendant's] record that has been presented to me

here today and by virtue of the two reports from the Department of Corrections." Contained in the updated Department of Corrections' presentence report, among other new items, was the defendant's intervening conviction and sentence for possession of implements of escape. The trial court's allusion to the updated presentence report, while terse, incorporated by reference what appeared there and provides a legitimate basis for increasing the defendant's sentence. Although the better practice is for trial judges to articulate specific reasons when they impose a second sentence harsher than the first, I am satisfied that, on the facts of this case, sufficient objective information in the record exists to justify the increased sentence and thereby overcome the presumption of vindictiveness. *See United States v. Goodwin*, 457 U.S. 368, 374 (1982); *State v. Goding*, 128 N.H. 267, 271, 513 A.2d 325, 328–29 (1986).

Finally, I note that the defendant raised this issue only under the Federal Constitution and that the court does not purport to decide whether under our State Constitution the *Pearce* presumption is applicable when different sentencing judges are involved. *See People v. Van Pelt supra* (holding New York state constitutional due process clause requires application of *Pearce* presumption to second sentencing judge).