Robert C. **HURLBURT**

v.

Michael **CUNNINGHAM, Warden, et al.**

No. C–92–92–S.

United States District Court,
D. New Hampshire.

Sept. 9, 1992.

Robert C. Hurlburt, pro se.

Gregory Swope, Office of the Atty. Gen., Concord, N.H., for defendants.

## ORDER

LOUGHLIN, Senior District Judge.

This order addresses petitioner Robert Hurlburt's Amended Petition for Writ of

Habeas Corpus (doc. no. 10) along with the following pleading and motions: (1) Objection to Magistrate's Report and Recommendation (doc. no. 11); (2) Request for Further Orders (doc. no. 15); (3) Request for Further Orders and/or Discovery (doc. no. 16) and (4) Motion for Judgment by Default (doc. no. 20). Jurisdiction is founded on 28 U.S.C. § 2254.

Petitioner was convicted of being a felon in possession of a firearm following a jury trial in Strafford County Superior Court. He was sentenced to an extended term of 7½–15 years by the trial judge (Nadeau, J.). The conviction was reversed by the New Hampshire Supreme Court and a new trial was ordered. *See State v. Hurlburt,* 132 N.H. 674, 569 A.2d 1306 (1990). On retrial, the petitioner was again convicted by a jury, but this time the trial judge (Temple, J.) sentenced him to an extended term of 10–30 years. Petitioner appealed to the New Hampshire Supreme Court and the conviction was affirmed. *See State v. Hurlburt,* 135 N.H. 143, 603 A.2d 493 (1991). Petitioner is presently incarcerated in New Mexico.[1] The issues raised in the Objection to Magistrate's Report and Recommendation will be addressed first.

█ In his Report and Recommendation dated June 26, 1992, Magistrate Judge William H. Barry ruled that petitioner's claim that the state failed to prove petitioner had been incarcerated twice previously on sentences of one year or more as required by N.H.Rev.Stat.Ann. 651:6–I(c) is not subject for review in this federal habeas petition since petitioner (1) did not raise the issue on appeal to the New Hampshire Supreme Court which amounts to a procedural default and (2) did not satisfy the requirements of the "cause and prejudice" standard[2] which is necessary to overcome the procedural default. Doc. no. 9. Petitioner contends that the magistrate did not take into account the reason for petitioner's failure to raise the issue on appeal—petitioner's appellate counsel's failure, by inadvertence or ignorance, to raise the issue on appeal—which, from petitioner's perspective, provides a justifiable excuse for the procedural default. Specifically, petitioner asserts that appellate counsel's failure amounts to ineffective assistance of counsel.

█ In order to overcome a procedural default so that a claim may be presented in a federal habeas corpus petition, a petitioner must establish cause for procedural noncompliance and actual prejudice. *Wainwright v. Sykes,* 433 U.S. 72, 86–87, 97 S.Ct. 2497, 2506–07, 53 L.Ed.2d 594 (1977). This "cause and prejudice" standard must be met since the federal court may not waive the procedural default which is a matter solely within the province of the state court. *Puleio v. Vose,* 830 F.2d 1197 (1st Cir.1987). However, strict adherence to the standard is not mandatory. An exception to this rule exists when in an appropriate case, "the principles of comity and finality that inform the concepts of cause and prejudice 'must yield to the imperative of correcting a fundamentally unjust incarceration.'" *Murray v. Carrier,* 477 U.S. 478, 495, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986) (quoting *Engle v. Isaac,* 456 U.S. 107, 135, 102 S.Ct. 1558, 1575, 71 L.Ed.2d 783 (1982)). This exception though, is narrowly construed to apply when "a constitutional violation has probably resulted in the conviction of one who is actually innocent...." *Murray,* 477 U.S. at 496, 106 S.Ct. at 2649. In the instant matter, petitioner's claim of ineffective assistance of counsel relates to the length of petitioner's sentence and not his conviction thus the exception illustrated in the *Murray* decision does not apply. To overcome the pro-

---

1. Although petitioner is presently incarcerated in New Mexico, this Court remains the proper forum to consider his habeas petition. *See Braden v. 30th Judicial Circuit Court of Ky.,* 410 U.S. 484, 495, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973).

2. When a state court bases its disposition of a claim on state procedural grounds, a petitioner cannot present the claim in a federal habeas corpus petition absent a showing of cause for noncompliance and actual prejudice to the petitioner hence the "cause and prejudice" standard. *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

cedural default, petitioner will have to satisfy the "cause and prejudice" standard.

Before addressing the issue whether petitioner has satisfied the "cause and prejudice" standard, one other issue must first be examined. As a preliminary matter, it is clear that ineffective assistance of counsel constitutes cause for a procedural default. *Murray*, 477 U.S. at 488, 106 S.Ct. at 2645. However, a petitioner must still comply with the exhaustion doctrine requiring a petitioner to exhaust all available remedies in the state court before presenting the claim to a federal court in a petition for habeas corpus. *Id.* at 488-489, 106 S.Ct. at 2645-46; *See also Casale v. Fair*, 833 F.2d 386, 391 (1st Cir.1987). This exhaustion requirement applies specifically to a claim of ineffective assistance of appellate counsel. *Casale*, 833 F.2d at 391.

Having conducted an extensive review of the record, it does not appear that petitioner has raised the issue of ineffective assistance of appellate counsel. The only entry in the record that relates to this issue is found in the Pre-Trial Motions Hearing transcript ("Tr."). At the beginning of the motions hearing, Atty. Byron J. Siegal, petitioner's appointed counsel, makes mention to Superior Court Judge Nadeau that petitioner submitted a motion indicating that Atty. Siegal was "totally lacking in the constitutional obligation ..." Tr. at 9. Petitioner is apparently making reference to an accused's constitutional right to assistance of counsel. U.S. Const. amend VI. When the court addressed the motion, petitioner withdrew the motion without elaborating. Tr. at 94, 120. Apart from this entry, the state court record is devoid of any mention of ineffective assistance of counsel. Moreover, petitioner has not even alleged that he has brought this issue before the appropriate state court. Therefore, petitioner has not exhausted his state court remedies concerning his claim of ineffective assistance of counsel which, in turn, prohibits review of the claim in this habeas corpus petition.

■ Assuming arguendo that plaintiff did exhaust his state court remedies, plaintiff's attempt to have this claim reviewed in this habeas petition would still fail as petitioner has not satisfied the "cause and prejudice" standard to overcome the procedural default. When a claim of ineffective assistance of counsel is argued as cause for failing to make an objection,

> [the] court must start with the 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.' *Strickland v. Washington*, [466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984)]. The petitioner bears the burden of proving that specific acts or omissions of counsel are outside the range of professionally competent assistance. *Id.* at 687 [104 S.Ct. at 2064]. He bears the further burden of showing that 'counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.' *Id.* In other words, the defendant must show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' *Id.*

*Gardner v. Ponte*, 817 F.2d 183, 187 (1st Cir.1987). Analysis of this standard in relation to the facts is not necessary. Petitioner has in no way carried his burden on this issue. His sole contention is that counsel's failure to raise the issue on appeal amounts to ineffective assistance of counsel. Nothing more is alleged that would even remotely lead the Court to conclude that petitioner has been subjected to ineffective assistance of counsel. To the contrary, the record as a whole provides ample support to this Court's conclusion that petitioner received vigorous representation at both the trial and appellate levels in the state courts. Accordingly, plaintiff's claim of ineffective assistance of counsel is not subject to review in this habeas petition. Attention is now directed to petitioner's Motion for Judgment by Default.

■ Pursuant to Magistrate Judge Barry's order of July 21, 1992, defendant was given twenty days from the time of service of the order to produce all records and trial

transcripts that defendant deemed relevant to this habeas corpus petition. The New Hampshire State Prison Warden was served on July 25, 1992. Doc. no. 13. The New Hampshire Attorney General's office was served on July 27, 1992. Doc. no. 14. Defendant filed a response with the required portions of the record on August 17, 1992. Based upon the rule for computation of time embodied in Federal Rule of Civil Procedure 6, defendant's response has been timely filed regardless which service date is used.

Using the service date for the Attorney General, it would appear that the defendant filed late since twenty days from July 25, 1992 is August 14 which would make defendant's response three days late. However, subdivision e to Rule 6 which provides for additional time if applicable, would extend the time in which to comply. Rule 6(e) applies whenever a notice or paper calling for action to be taken within a prescribed period of time is served by use of the mails. In the instant matter, Magistrate Barry's order required action to be taken within a prescribed period of time and service was accomplished by use of the mails. As the requirements for application of Rule 6(e) have been met, in accordance with Rule 6(e), defendant is provided with three extra days to comply which extends the deadline to file to August 17, 1992, the actual date of filing.

If the service date for the warden were to be used, the defendant's response would still be timely filed. Twenty days from July 27, 1992 is August 16 which would make defendant's filed response one day late. However, August 16, 1992 is a Sunday which under Rule 6(a) cannot be included as the last day of the time period. Therefore, Monday, August 17, 1992 is deemed the last day to timely file. Again, defendant's response has been timely filed. The Court now turns to petitioner's complaint that he has not been served with the responsive pleading.

The Court has reviewed the responsive pleading filed with the Court and finds that the certificate of service is in proper order. Moreover, to state the obvious, the Court

has received the responsive pleading. As it cannot be gleaned from the record that defendants have improperly served the responsive pleading to petitioner, the Court concludes that service was proper. Accordingly, petitioner's Motion for Judgment by Default is denied. Attention is now directed to petitioner's Amended Petition for Writ of Habeas Corpus.

Petitioner's first complaint in the amended petition is that his conviction was obtained in violation of his right against self-incrimination pursuant to the Fifth Amendment. This violation derives from petitioner's contention that he was never given any *Miranda* warning and further that he never waived his *Miranda* rights. The gist of petitioner's contention revolves around the testimony of State Trooper Michael Hambrook recorded at the first trial on audiotape and subsequently transcribed. At a suppression hearing held prior to the second trial, the trial judge (Nadeau J.) addressed the *Miranda* issue. Trooper Hambrook testified that petitioner was given his *Miranda* warnings and indicated his willingness to speak. *See* Pre–Trial Motions Hearings ("Tr."), p. 23. On cross-examination, petitioner asked Trooper Hambrook to read from the trial transcript of the first trial, Trooper Hambrook's testimony concerning the *Miranda* issue. The trial transcript indicated that Trooper Hambrook testified that petitioner stated that he wished to cooperate but would not talk. *Id.* at 30. Trooper Hambrook refuted the transcript version of his testimony at the first trial. *Id.* at 30–31. When petitioner brought up the discrepancy again, Judge Nadeau indicated that he would listen to the tape of the first trial to determine the accuracy of the transcript. *Id.* at 51. After listening to the tape, Judge Nadeau took judicial notice of the fact that the transcript was in error and that Trooper Hambrook's testimony was that petitioner indicated a willingness to talk. *Id.* at 75. After taking judicial notice, the tape was played for the parties and no objections to the judge's decision and in particular, to the clarity of the tape, were made. *Id.* at 75–77. In fact, after an exchange with Atty. Siegal, Judge Nadeau indicated that

the only discrepancy between the audiotape and transcript was that the transcriber wrote "didn't" in place of "did" as heard on the audiotape. *Id.* at 76. After hearing all the evidence offered by the parties including the corroborating testimony of Trooper Hester (*Id.* at 37–47), Judge Nadeau found that petitioner was adequately warned of his *Miranda* warnings and that petitioner knowingly, intelligently and voluntarily waived those rights. *Id.* at 118. Moreover, Judge Nadeau found that his finding was supported by petitioner's own exhibit, a "Waiver of Miranda Rights" form signed by petitioner under the acknowledged alias, Charles Waterhouse, on February 18, 1988, the date of petitioner's arrest. *Id.* at 52, 118. It is noted that when asked to provide evidence to support his position, petitioner declined and instead relied on his cross-examination of the state's witnesses. *Id.* at 48.

Petitioner states that on appeal, he submitted a motion to the New Hampshire Supreme Court to have the audiotape of the first trial expertly enhanced. That motion was allegedly denied. Defendant contends that such a motion or issue for appeal was never filed with the New Hampshire Supreme Court. Having reviewed the Notice of Appeal (doc. no. 17, Attachment 1 to Defendant's Response to Amended Petition), Brief for Defendant (*Id.*, Attachment 2) and Pro Se Brief for the Defendant (*Id.* Attachment 3), the Court finds that petitioner has not exhausted his state court remedies on the issue of enhancement of the audiotape. Furthermore, the Court finds that petitioner has not met the requirements of the "cause and prejudice" standard thus the issue of the audiotape enhancement is not subject to review in this habeas petition.

Returning to the *Miranda* issue, the New Hampshire Supreme Court in reviewing the *Miranda* issue, upheld the lower court's decision. In making this decision, the New Hampshire Supreme Court stated that the trial court was in the best position to weigh the credibility of the witnesses. *State v. Hurlburt,* 135 N.H. 143, 603 A.2d 493, 495 (1991) (citing *State v. Plante,* 133 N.H. 384, 387, 577 A.2d 95 (1990); *See* doc.

no. 17, Attachment 4 to Respondent's Answer to Amended Petition. The court continued by stating that the lower court's " 'finding on the issue of waiver [will not be reversed] unless the manifest weight of the evidence, when viewed in the light most favorable to the State, is to the contrary.' " *Id.* The court held that the evidence supported the trial court's finding. *Id.*

■ In reference to the trial court and New Hampshire Supreme Court findings, the petitioner has submitted a mixed bag of claims. His first claim is that the failure of both courts to order the enhancement of the audiotape violates his rights under the Fifth and Fourteenth Amendments. To reiterate, the record does not show that petitioner raised this issue to the New Hampshire Supreme Court and is thus not subject for review.

■ Petitioner's second argument is that neither court addressed the issue whether the statement he is alleged to have made constitutes a confession or an excited utterance. Petitioner is correct. Neither court addressed the issue. Unfortunately, the reason why the courts did not address the issue is that petitioner never raised the issue according to the record submitted to this Court. Like the enhancement issue, petitioner did not exhaust his state court remedies therefore, this excited utterance issue is not subject to review in this Court.

■ Petitioner's next argument is that the New Hampshire Supreme Court, in addressing the *Miranda* issue, applied the wrong standard of review. Instead, petitioner contends that the standard found in *Miller v. Fenton,* 474 U.S. 104, 106 S.Ct. 445, 88 L.Ed.2d 405 (1985) should have been applied. Petitioner's reliance on the *Fenton* decision for this point is misplaced.

In the state of New Hampshire, the standard to be applied is that which was applied in the petitioner's case—a finding, concerning a defendant's *Miranda* rights and waiver of those rights, made by a trial court after examining the totality of the circumstances, shall stand unless contrary to the manifest weight of the evidence.

*State v. Lewis*, 129 N.H. 787, 791, 533 A.2d 358 (1987); *State v. Copeland*, 124 N.H. 90, 92, 467 A.2d 238 (1983). Petitioner has not demonstrated or even claimed that this standard is, in any way, constitutionally flawed.

The *Fenton* decision, contrary to petitioner's reliance, did not determine the standard of review but rather determined whether the issue of voluntariness of a confession was a question of fact or law. The *Fenton* Court found the issue to be an issue of law and therefore subject to independent federal review in a habeas corpus proceeding. *Fenton*, 474 U.S. at 112–118, 106 S.Ct. at 450–54. In addition, the Court found that application of the 28 U.S.C. § 2254(d) presumption of correctness is precluded when reviewing a state-court voluntariness determination. *Id.* at 112, 106 S.Ct. at 450.

To reiterate, the *Fenton* Court was not faced with, and thus did not decide, what standard is to be applied by a state appeals court in reviewing a trial court's determination whether a defendant's *Miranda* rights were given and effectively waived prior to giving a confession. Nevertheless, the Court made it crystal clear that state-court findings on matters such as the giving of *Miranda* warnings which often involve credibility determinations and resolution of conflicting testimony, are to be conclusive on the habeas court if fairly supported by the record and if the other § 2254(d) criteria are inapplicable. *Fenton*, 474 U.S. at 116–117, 106 S.Ct. at 452–53. Accordingly, this Court finds that the standard applied by the New Hampshire Supreme Court in reviewing petitioner's *Miranda* warning claim was the correct standard to be applied.

■ Plaintiff next claims that his confession, if construed as such, was a product of coercion and duress. Again, this Court will not address this issue as petitioner has failed to exhaust his state court remedies. Instead, this Court will limit its review to petitioner's *Miranda* claim by applying the standard of review found in § 2254(d) that was acknowledged in the *Fenton* decision as the appropriate standard of review of a

defendant's *Miranda* warnings as referenced above.

Having reviewed the eight enumerated portions of § 2254(d), the Court concludes that none apply and further that the state courts' decision is fairly supported by the record based on the following. During the pre-trial motions hearing, Judge Nadeau listened to all the proffered evidence and testimony concerning the defendant's *Miranda* warnings. The state offered the testimony of the two state troopers, Troopers Hambrook and Hester, who were both cross-examined by petitioner with his appointed counsel, Atty. Siegal, while petitioner offered nothing more than copies of "Waiver of Miranda Rights" forms. Tr. at 52. Of particular significance is the "Waiver of Rights" Form signed by petitioner under the alias, Charles Waterhouse. *Id.* At the suppression hearing, petitioner freely admitted that he signed the waiver form with the false name. *Id.* Nothing more was advanced by petitioner.

Judge Nadeau found the troopers' testimony to be consistent and credible. This conclusion coupled with the signed waiver, formed the basis for Judge Nadeau's finding that petitioner received his *Miranda* warning and subsequently knowingly, intelligently and voluntarily waived those warnings. *Id.* at 118, 106 S.Ct. at 454. The New Hampshire Supreme Court reviewed the *Miranda* warning issue and held that the manifest weight of the evidence was not contrary to the trial court's finding. *State v. Hurlburt*, 135 N.H. 143, 603 A.2d 493, 495 (1991) (citing *State v. Plante*, 133 N.H. 384, 387, 577 A.2d 95 (1990); *See* doc. no. 17, Attachment 4 to Respondent's Answer to Amended Petition. This Court agrees.

■ Having thoroughly reviewed both the trial and appeal courts' records, this Court cannot discern any entry in either record that would support overturning the state-court findings on the *Miranda* warnings issue. Pursuant to § 2254(d), if the federal court finds that none of the enumerated criteria are applicable, a petitioner bears the burden to establish by convincing evidence that the state court findings were

erroneous. 28 U.S.C. § 2254(d). Petitioner has not met his burden. Accordingly, the Court finds that the state-court record of proceedings, when considered as a whole, supports the state-court finding that petitioner received and waived his *Miranda* warnings.

██ Before addressing petitioner's second argument in his amended petition, the Court will rule on petitioner's Request for Further Orders and Request for Further Orders and/or Discovery. Petitioner's Request for Further Orders is brought pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts which *inter alia,* requires the respondent to submit with its answer all portions of the record it deems relevant along with a copy of petitioner's appellate brief and opinion of the appellate court if petitioner appealed his conviction or an order in a post-conviction proceeding.

Respondent in the instant matter has complied with this rule. Petitioner seeks to have additional portions of the transcript submitted. Comparing the issues presented with the portions of the state-court record submitted, the Court concludes that the portions of the record sought by petitioner would either be redundant or not relevant. Moreover, pursuant to Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts, a request for discovery will not be granted absent good cause shown. Petitioner has not indicated how these other portions of the record would assist this Court in ruling on the presented issues. Therefore, petitioner's Request for Further Orders is denied.

Petitioner's Request for Further Orders and/or Discovery seeks to have the audiotape recording of Trooper Hambrook's testimony enhanced. As indicated above, the record does not show that petitioner raised the issue on appeal to the New Hampshire Supreme Court which is in violation of the exhaustion requirement found in § 2254(b). Moreover, petitioner has not shown good cause as required by Rule 6 of the Rules Governing 2254 Cases, that would justify granting the request. Petitioner has not even alleged any clarity problem with the

tape but rather suggests that a different interpretation would result if enhanced. *See* doc. no. 16. It is further noted that when the tape was played for the parties at the suppression hearing, no objection was raised concerning what was discerned from the tape by Judge Nadeau. Tr. at 76–77. As petitioner has failed to exhaust his state-court remedies and not shown good cause to have the tape enhanced, petitioner's Request for Further Orders and/or Discovery is denied.

[13] Returning to the Amended Petition, the Court will now address petitioner's second issue, whether it was error and a violation of petitioner's due process rights under the Fourteenth Amendment for the state court to sentence petitioner to a longer term of imprisonment at retrial. In support of his claim, petitioner cites *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) which prohibits the imposition of an increased sentence at a second trial due to vindictive motivations.

██ The United States Supreme Court held in the *Pearce* decision that a trial judge is not constitutionally precluded from imposing a more severe sentence. *Pearce*, 395 U.S. at 723–726, 89 S.Ct. at 2079–81. However, the Court continued by stating that:

> to assure the absence of [a vindictive motivation], we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.

*Id.* at 726, 89 S.Ct. at 2081. Respondent counters by claiming that *Pearce* is not applicable when the second more severe

sentence is imposed by a different trial judge.

Respondent is correct in his position *Pearce* itself and its progeny do not apply the rule to the situation involving two different sentencing judgments. *See Alabama v. Smith*, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989) (*Pearce* does not apply where the first sentence is based on a guilty plea and the second sentence is imposed following a jury trial); *Texas v. McCullough*, 475 U.S. 134, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986) (*Pearce* does not apply where the first sentence is determined by a jury and the second sentence by a judge); *Chaffin v. Stynchcombe*, 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973) (*Pearce* does not apply when the sentences are determined by two different juries). Although the Court has not considered whether the *Pearce* rule applies when two different judges determine the sentences, at least one appeals court has held that it does not. *U.S. v. Perez*, 904 F.2d 142, 146 (2nd Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 270, 112 L.Ed.2d 226 (1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 1085, 112 L.Ed.2d 1189 (1991).

■ Having reviewed the *Pearce* decision, this Court concludes that better course to follow is to find that the *Pearce* rule applies when a different judge determines the second more severe sentence. The primary concern raised by the *Pearce* Court was that sentences imposed after retrial that were more severe than the first sentence could be the result of vindictiveness on the part of the sentencing judge. In fashioning the rule calling for a showing of affirmative objective criteria used as a basis for imposing a more severe sentence, the *Pearce* Court sought to prevent the use of vindictiveness as grounds for the stiffer sentence. The *Pearce* Court did not place a restriction on the application of the rule prohibiting its use where two different sentencing judges are involved. Moreover, as mentioned by Justice Batchelder in his concurring opinion in the *Hurlburt* decision, *supra*, sentencing by a second judge is not a guarantee that vindictiveness did not play a role in the sentencing decision. Rather,

it is just one more factor to take into consideration when reviewing the sentencing decision. Absent a clear pronouncement from either the United States Supreme Court or the First Circuit Court of Appeals, this Court will not place such a restriction which, in this Court's estimation, would contradict both the spirit and intent of the *Pearce* decision. Accordingly, this Court holds that the *Pearce* rule applies to the case *sub judice*.

■ Whenever a sentencing judge imposes a more severe sentence after a new trial, the decision must be based on objective criteria that affirmatively appears of record. *Pearce*, 395 U.S. at 726, 89 S.Ct. at 2081. A trial judge is not constitutionally precluded from imposing a new sentence in light of events subsequent to the first trial that "throw[ ] new light upon the defendant's 'life, health, habits, conduct, and mental and moral propensities.' " *Pearce*, 395 U.S. at 723, 89 S.Ct. at 2079 (citation omitted). Information such as new presentence investigations, the defendant's prison record and new evidence adduced at the second trial may be brought to the judge's attention that can justifiably affect the sentencing decision. *Id.*

■ It is well settled that a sentencing judge is to be accorded very wide discretion in determining an appropriate sentence. *Wasman v. United States*, 468 U.S. 559, 563, 104 S.Ct. 3217, 3220, 82 L.Ed.2d 424 (1984). Nevertheless, in the situation where a second sentence is imposed that is more sever than the first, the sentencing decision will be subject to the *Pearce* presumption of vindictiveness if the circumstances are such that there is a reasonable likelihood that the increase in sentence is the product of actual vindictiveness on the part of the sentencing judge. *Alabama v. Smith*, 490 U.S. 794, 799, 109 S.Ct. 2201, 2204, 104 L.Ed.2d 865 (1989). Absent such a reasonable likelihood, the burden remains upon the defendant to establish actual vindictiveness. *Id.* at 799–800, 109 S.Ct. at 2204–05 (citation omitted).

In the instant matter, Judge Temple, in determining the sentence to be imposed, indicated that his decision was based on the

record presented to him at the sentencing hearing along with what was brought forth at trial. *See* Transcript of Sentencing Proceedings, p. 52. Judge Temple made specific reference to two reports submitted by the Department of Corrections. *Id.* Included in the two reports, was a copy of defendant's conviction for possession of implements of escape. Doc. no. 17, Attachment 5 to Respondent's Answer to Amended Petition. Petitioner was sentenced to the New Hampshire State Prison for not less than 1 and one-half years nor more than three years on March 22, 1989. *Id.* This conviction occurred subsequent to the first sentencing.

 Consideration of a conviction which occurred after an original sentencing and prior to a subsequent sentencing after retrial rebuts any presumption of vindictiveness. *Wasman,* 468 U.S. at 569–570, 104 S.Ct. at 3223. Thus, if Judge Temple used petitioner's subsequent conviction as a basis for increasing petitioner's sentence, then the *Pearce* presumption will have been effectively rebutted.

Petitioner contends that Judge Temple's reference to the two presentence reports does not satisfy the requirement that the basis for imposing a more severe penalty be affirmatively identified. To an extent, petitioner is correct, Judge Temple did not make any specific reference to the content of the presentence reports. Notwithstanding this apparent lack of specificity, the Court finds, after reviewing the presentence reports, that reference to the reports as part of the basis for increasing petitioner's sentence does meet the requirement that the decision to increase the severity of the sentence be based on objective information that affirmatively appears of record. Even though Judge Temple does not make specific reference to petitioner's subsequent conviction, the conviction was included in the presentence reports and there is no reason to believe that the conviction was not factored into the sentencing decision.

Having reviewed the information specifically identified as part of the basis for the sentencing decision, the Court concludes that there is not reasonable likelihood that actual vindictiveness played a role in the sentencing decision. The Court further finds that as the burden has shifted onto petitioner to establish actual vindictiveness, petitioner has not met his burden by arguing that Judge Temple did not affirmatively identify the basis for his decision. Accordingly, petitioner's Amended Petition for Writ of Habeas Corpus is denied.

Petitioner's Objection to Magistrate's Report and Recommendation, Motion for Judgment by Default, Request for Further Orders, Request for Further Orders and/or Discovery and Amended Petition for Writ of Habeas Corpus are hereby denied.