HATCH v. WOOD.

43  633
71  277

In assumpsit for goods sold and delivered, the plaintiff need not join a merely nominal partner of the purchaser as a defendant.

Assumpsit on an account for goods sold and delivered, shown by the plaintiff's specification to amount to $167.75.

The defendant pleaded in abatement, that the promises declared on were made by him jointly with Henry Pond, and not by him alone; and the plaintiff replied that they were made by Wood alone.

Upon the trial, evidence was introduced tending to prove that Henry Pond, and his partner in business at Keene, G. W. Ball, were partners in business at Rutland, Vt., with Philip Greeley, in the hat, cap, and fur trade; that after a few weeks, Greeley negotiated a trade between his firm, known as Greeley, Pond & Co., with Wood, to sell out to the latter their entire stock and interest for a gross sum of about one thousand dollars, for which Wood gave his notes to Greeley for between four and five hundred dollars, and paid him some money, and for the balance he gave his note to Pond & Ball by the name of Pond & Co., and took possession of the store and stock.

It appeared that it was the understanding of Wood that he was to take the place of Greeley, and the business was to be continued in a partnership with Pond, though he did not explain what concern Pond & Co., or Pond, were to have in the firm after he had bought and given his notes and cash for the entire stock of Greeley, Pond & Co.  By the testimony of Pond, who transacted the business, it appeared that, on his part, there was no understanding that Pond & Co. were to have any share or interest in the stock, or business, or profits of Wood, but it was agreed, and in this the statements of Wood and Pond agreed, that Pond & Co. should, from time to time, furnish Wood with goods from their store at Keene; and from purchases to be made by them at New-York and Boston, and from goods manufactured by them, suitable for his business, at the cost, and eight per cent advance.  And Wood testified that Pond &

Co. agreed that Wood should use their name, under the firm of Wood, Pond & Co., in the transaction of his business, placing that name upon his store sign, and having his boxes of goods marked with that name; while Pond testified that the agreement was, that Wood should use their name, that is Wood, Pond & Co., in making his sales, and over his door, and upon his boxes, but that he should not use it in purchases of goods bought on credit.

The evidence tended to show that Pond & Co. furnished goods to Wood repeatedly, from their store and factory in Keene, and from purchases made by them at New-York, for which they charged an advance on cost of eight per cent, some of which appeared to be on orders of Wood, and it did not appear that others were or were not so ordered. These goods were forwarded to the address of Wood, Pond & Co. Some letters written by Pond & Co. to Wood, were addressed to Wood, Pond & Co., on the envelope, though directed to Wood in the letters themselves. Some of the bills for goods purchased in New-York were in the name of Wood, Pond & Co., though Pond testified that this was done by mistake; he having bought and paid for the goods, and taken a bill of them in the name of Pond & Co., and directed a memorandum of them to be sent to Wood. Several bills of goods sent from Keene were made to Wood, Pond & Co., but Pond testified it was done by mistake.

It appeared that Wood made repeated purchases of goods in the name of Wood, Pond & Co., though it did not appear that this fact became known to Pond & Co. until after the time of the purchase of the goods here in question.

The evidence tended to show that an agent or runner of the plaintiffs called on Wood at Rutland, and Wood gave him an order on them for the goods here in question, in the name of Wood, Pond & Co., and the goods were forwarded in pursuance of that order.

But the evidence, on the part of the plaintiff, tended to show that the same agent of the plaintiffs called at Pond & Co's store in Keene, on his way from Rutland to Boston, where the plaintiffs transacted their business, and before the order had been communicated to the plaintiffs, and mentioned his having such an order from Wood, Pond & Co., and that Pond then distinctly stated to him that neither Pond & Co. nor himself were in partnership with Wood; that they had no interest in his business; that Wood had no authority to use their names, or either of them, in purchasing goods, and that they would not be responsible for any purchase whatever that Wood might make; and it appeared that they remonstrated with Wood by letter against such use of their name, which Wood insisted he had a right to use, and not long after sued Wood, attached his stock, and broke up his business.

The court held and proposed to instruct the jury:

That if there was a partnership in fact between Wood and Pond, the contract would be joint; but in that case if Pond gave to the person with whom Wood proposed to contract, express notice that he would not consent to such contract, he would not be bound if it was made;—

That if Pond, not being a partner, had for a consideration agreed

that Wood might buy on joint account, and Wood did make such purchase, the contract would be joint;—

But in such case Pond might, by a notice to the seller, before the sale, not to sell to Wood on his account, revoke the power to buy, and he would not then be bound by any such contract;—

That if Pond was a nominal partner only, or merely authorized Wood to make use of his name, as if he were a partner, and had no interest whatever in his business, and Wood should purchase for himself alone, but in the name of Wood, Pond & Co., the seller would have a right to commence his action for the price against Wood alone, or against Wood & Pond, at his election, and the action would be well brought against Wood alone;—

That in such a case of agreement to allow Wood to use his name in his business, it was immaterial that he was restricted by a private agreement not known to persons dealing with the firm, not to use the name in purchasing on credit, but he would be equally bound as if the use of the name was allowed in all cases;—

But that in such case Pond would not be bound by any contract, made by any person with Wood, after he had given to him or to his agent, through whose agency the sale was made, notice that he was not a partner, and that he did not authorize such sale to be made on his credit;—

That under the pleadings the question was, whether Wood contracted jointly with Pond, and if Wood had authority to contract for Pond, and did contract for himself and Pond, it would be the same as if Pond had personally made the contract; but that if Wood had merely an authority to use Pond's name in his business, and really contracted on his own account alone, it would be held the contract of both, if the seller so elected, and not otherwise.

To these rulings the defendant excepted, and a verdict was taken by consent for the plaintiffs, subject to the opinion of the whole court, upon the foregoing case, the verdict to be set aside, or a judgment rendered, as in the opinion of the court would be proper.

*Cushing*, for the defendant.

We do not see how it makes any difference whether Pond was a real or a nominal partner. If Pond had authorized Wood to buy goods in his name and Wood had done so, it would be a joint contract. Wood having made a joint contract, has a right to insist that the action shall be joint. The equities between Wood and Pond are not to be tried in this suit, neither can the plaintiffs undertake to determine them.

*Wheeler & Faulkner*, for the plaintiffs.

BARTLETT, J.   A merely nominal partner need not be joined as a plaintiff, unless perhaps in certain cases of written contracts.   Story Part., secs. 241–2;  1 Chit. Pl. 12;  *Kell* v. *Nainby*, 10 B. & C. 20;  Browne Act. 134;  2 Greenl. Ev., sec. 478;  2 Saund. Pl. & Ev. 701;  Coll. Part., sec. 662;  Oliver's Prec. 73.   As this is upon the ground that such a nominal partner is not in fact a party to the contract,

the same rule seems applicable to the defendants, and to this effect are the authorities. 1 Chit. Pl. 43; Story Part. sec. 241; 2 Saund. Pl. & Ev. 707; Browne Act. 707. As this disposes of the only exception now insisted on by the defendant, there must be

*Judgment on the verdict.*