Belknap
No. 2000-206

THE STATE OF NEW HAMPSHIRE

v.

DARREN BASHAW

November 26, 2001

*Philip T. McLaughlin*, attorney general (*Stephen D. Fuller*, attorney, on the brief and orally), for the State.

*Risa Evans*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

DALIANIS, J. The defendant, Darren Bashaw, appeals his conviction for two related first degree assault charges. *See* RSA 631:1 (1996). He asserts that the Superior Court (*Perkins*, J.) erroneously instructed the jury on self-defense and impermissibly precluded him from cross-examining the victim about a prior theft. We reverse and remand.

The jury could have found the following facts. The defendant and several co-workers were staying in the Greystone Motel in Gilford. Also at the motel was the victim, Calvin Dunn, III.

On the evening of March 31, 1999, Dunn, the defendant, and some of the defendant's co-workers were socializing in his cabin. The defendant took offense when Dunn asked about the wife of one co-worker and the girlfriend of another. Eventually, the defendant became angry at Dunn and threatened to fight with him. A co-worker suggested that Dunn step out of the cabin, onto the porch, so as to avoid an escalating confrontation. After several minutes, the defendant came out onto the porch, where he began "running his mouth [off]" at Dunn. The argument escalated and Dunn and the defendant shoved one another. The two began "wrestling around" and choking each other. The defendant's co-workers broke up the fight. Dunn said that he was leaving, but walked across the porch and shoved the defendant. The two began wrestling again. During this wrestling match, Dunn choked the defendant until he turned blue, and the defendant stabbed Dunn with a knife.

## I

On appeal, the defendant first challenges the jury instruction on the use of deadly force in self-defense. "The purpose of a trial court's jury instructions is to state and explain to the jury, in clear and intelligible language, the rules of law applicable to the case." *State v. Jackson*, 141

N.H. 152, 153 (1996) (quotation omitted). We review the challenged instructions "in the context of the entire charge and all of the evidence . . . to determine whether the trial court adequately stated the relevant law." *State v. Newell,* 141 N.H. 199, 205 (1996) (quotation omitted). "The scope and wording of jury instructions are within the sound discretion of the trial judge and are evaluated as a reasonable juror would have interpreted them." *State v. MacRae,* 141 N.H. 106, 114 (1996). "We will not reverse the conviction unless the instructions did not fairly cover the issues of law in the case." *Newell,* 141 N.H. at 205 (quotation omitted).

The defendant assigns error to the following portion of the court's instruction on self-defense:

> A defendant does not have the right to claim self-defense when the defendant provoked the use of force by another person, and also the defense of self-defense does not apply when the defendant was the one who started the encounter.

He argues that this instruction violated RSA 627:4, III(c) (1996), which provides that the use of deadly force is not justifiable "when, with the purpose of causing death or serious bodily harm, the actor has provoked the use of force against himself in the same encounter." The defendant asserts that the instruction could have caused the jury to find that his use of deadly force was not justified merely because he started the argument with Dunn. We agree.

■ We have previously acknowledged that one may provoke with words alone. *See State v. Gorham,* 120 N.H. 162, 164 (1980). A defendant does not lose the right to use deadly force in self-defense, however, unless he uses words to bring about a fight in which he intended at the outset to kill or seriously injure his opponent. *See id;* RSA 627:4, III(c).

■ In this case, the jury could have found that the defendant provoked the argument with Dunn. Given the court's instruction, the jury could have determined that because the defendant started the argument, he could not lawfully use deadly force in self-defense, even if, when he started the argument, he did not intend to cause Dunn serious bodily harm or death. Because the trial court failed to explain adequately the circumstances under which a defendant may not use deadly force in self-defense, its instruction was erroneous. Our conclusion is not altered when we view this instruction in the context of the court's entire charge to the jury. The instructions as a whole, therefore, did not "fairly cover the issues of law in the case," *Newell,* 141 N.H. at 205 (quotation omitted), and the defendant's conviction must be reversed.

We briefly address the defendant's remaining arguments that are likely to arise at a new trial. *See State v. Frost*, 141 N.H. 493, 498 (1996).

## II

The defendant next argues that the trial court erroneously prohibited him from cross-examining Dunn about his recent theft of a police badge. Before Dunn took the stand, the defendant informed the court that he wished to ask Dunn about an incident in which Dunn took a badge from a police officer's jacket. The defendant told the court that Dunn had admitted taking the badge and had returned it to the police department. The trial court denied the request.

On appeal, the defendant argues that the trial court's ruling violated New Hampshire Rule of Evidence 608(b) and his right to confront witnesses as guaranteed by Part I, Article 15 of the New Hampshire Constitution and the Sixth and Fourteenth Amendments to the Federal Constitution.

We first address the defendant's argument under New Hampshire Rule of Evidence 608(b). "The admissibility of evidence is a matter within the trial court's broad discretion, and we will not upset the court's ruling absent an abuse of that discretion. To show an abuse of discretion, the defendant must demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of his case." *State v. Warren*, 143 N.H. 633, 636 (1999) (quotations and citation omitted).

Rule 608(b) provides:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility, other than conviction of crime as provided in Rule § 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness . . . .

■ We hold that the badge incident was not probative of Dunn's character for truthfulness or untruthfulness, and therefore the trial court properly prohibited inquiry into the incident under Rule 608(b). *See State v. Gollehon*, 864 P.2d 249, 258 (Mont. 1993), *cert. denied*, 513 U.S. 827 (1994) (witness's prior thefts and burglaries were "wholly unrelated to [the witness's] truthfulness, ability to observe, recall or testify as to the beating of [the victim] by [the defendant]"); *Tubbs v. State*, 720 S.W.2d 331, 334 (Ark. Ct. App. 1986) (theft cannot be inquired into on cross-examination because "[a]lthough an undesirable trait, an absence of respect for the

property rights of others does not directly indicate an impairment of the trait of truthfulness"); *People v. Jones*, 971 P.2d 243, 244 (Colo. Ct. App. 1998) (joining "overwhelming majority" of other courts considering issue and holding that "although · shoplifting obviously involves a form of dishonesty, a disregard for the property rights of others is not probative of a propensity to be truthful or untruthful").

The defendant relies upon *State v. Hurlburt*, 132 N.H. 674 (1990). In *Hurlburt*, the defendant sought to cross-examine a key prosecutorial witness about an allegation that, a year before trial, the witness had misappropriated money from her employer intended for her use on a business trip. The trial court disallowed the inquiry and we reversed, holding that "misappropriation is an act of *deception* that reflects upon a person's character for truthfulness." *Id.* at 676 (emphasis added).

This case is distinguishable from *Hurlburt*. Petty theft, unlike misappropriation of another's money for one's personal use and similar crimes, does not reflect upon a person's character for telling the truth. *See State v. Weeks*, 140 N.H. 463, 467 (1995) (welfare fraud is a crime that on its face conveys dishonesty).

We next address the defendant's argument under our State Constitution, citing federal law only to aid in our analysis. *See State v. Ball*, 124 N.H. 226, 231-33 (1983). Because the federal Confrontation Clause affords no greater protection than the State Confrontation Clause, we need not undertake a separate federal analysis. *See State v. Michaud*, 146 N.H. 29, 31 (2001).

■ The constitutional right to cross-examine adverse witnesses in criminal cases is fundamental and includes the right to impeach a witness's credibility through cross-examination. *See State v. Rodriguez*, 136 N.H. 505, 508 (1992). Trial courts, however, "possess broad discretion to limit the scope of cross-examination to preclude repetitive or unduly harassing interrogation." *Id.* "In determining the limits of cross-examination, a trial court must balance the prejudice, confusion, and delay of the proferred testimony against its probative value." *Id.* at 509. As discussed above, evidence that Dunn allegedly stole a police badge was not probative of his credibility. The trial court therefore did not violate the defendant's constitutional right to cross-examine witnesses by precluding inquiry into the incident.

Arguments that the defendant raised in his notice of appeal, but did not brief, are deemed waived. *See State v. Mountjoy*, 142 N.H. 648, 652 (1998).

*Reversed and remanded.*

BROCK, C.J., and BRODERICK and NADEAU, JJ., concurred.