Strafford
No. 88-455

THE STATE OF NEW HAMPSHIRE

v.

ROBERT C. HURLBURT

February 7, 1990

*John P. Arnold*, attorney general (*Jeffrey W. Spencer*, attorney, on the brief), by brief for the State.

*Joanne Green*, assistant appellate defender, of Concord, by brief for the defendant.

*Robert C. Hurlburt*, by brief, *pro se*.

MEMORANDUM OPINION

BATCHELDER, J.   The defendant was convicted, after a jury trial, of being a felon in possession of a firearm, in violation of RSA 159:3 (Supp. 1988). He appeals the Superior Court's (*Nadeau*, J.) ruling granting the State's pre-trial motion to exclude his anticipated cross-examination of one of the State's witnesses, Irene Blanchard. The defendant *pro se* also contends that the court in three instances abused its discretion in refusing to allow him to introduce various forms of evidence. We cannot say that the court abused its discretion in the latter three instances, but because we find that the court misapplied the applicable rule of evidence in regard to the defendant's anticipated cross-examination of Blanchard, we reverse the conviction.

On February 7, 1988, police arrested the defendant at 7 Maple Street in Rochester, pursuant to a warrant in connection with another complaint. There the police found and seized a disassembled .22 caliber rifle which was lying on the kitchen table. Irene Blanchard, whose testimony is important to the State, had dated the defendant for a period of time during the year before his arrest. She testified at trial that she bought the gun at the defendant's request, and with his money, at the Kittery Trading Post on January 17, 1988, and gave it to him then. She also testified that the defendant told her he lived at 7 Maple Street.

In preparation for trial, the court considered a number of evidentiary matters with counsel. At that time, the State moved to prevent the defendant from impeaching Blanchard by inquiring into an event unrelated to this charge, in which Blanchard, a year before trial, allegedly misappropriated $600 of her employer's money that was intended for her use on a business trip. The court granted the motion, on the ground that the incident was not probative of Blanchard's truthfulness. The court stated that it was exercising its discretion under New Hampshire Rule of Evidence 608(b) and that an inquiry into Blanchard's use of the money would lead to a trial within a trial, waste time and confuse the jury, and that the testimony would be unduly prejudicial to the State. The defendant asserts that the court abused its discretion in refusing to allow the defendant to cross-examine a key prosecution witness about a prior incident allegedly showing untruthfulness.

New Hampshire Rule of Evidence 608(b), upon which the court relied, allows specific instances of conduct to be inquired into on cross-examination, in the discretion of the court, if they are probative of truthfulness or untruthfulness, but forbids the use of extrinsic evidence to prove such instances of conduct. N.H. R. Ev. 608(b). "It is New Hampshire practice to allow inquiry into collateral issues by cross-examination for impeachment purposes; however, the cross-examiner must take the answer and may not call other witnesses to rebut it." *State v. Brooks*, 126 N.H. 618, 623, 495 A.2d 1258, 1262 (1985).

The trial court disallowed inquiry of Blanchard concerning the alleged misappropriation, not only because the court did not perceive the incident to be probative of truthfulness, but also because the court feared the inquiry would lead to a trial pertaining to the use of the $600. This concern was ungrounded given the explicit prohibition on the use of extrinsic evidence under Rule 608(b). Because the rule allows inquiry into conduct probative of

truthfulness on cross-examination, and because misappropriation is an act of deception that reflects upon a person's character for truthfulness, *see United States v. McClintic,* 570 F.2d 685, 690–91 (8th Cir. 1978), cross-examination into the incident should have been permitted for impeachment purposes. It is the prohibited extrinsic evidence that leads to a trial within a trial, not the inquiry on cross-examination.

Finally, the defendant *pro se* contends that the court erred in three other instances. He argues, first, that the court erred in excluding an affidavit offered by the defendant to impeach Blanchard's testimony and to exculpate him in regard to possession of the gun, on the ground that the affidavit was not probative of trustworthiness. *See* N.H. R. Ev. 804(b)(3) (statement exposing declarant to criminal liability and offered to exculpate accused is not admissible unless corroborating circumstances indicate statement's trustworthiness). Next, he asserts error in excluding opinion testimony offered under New Hampshire Rule of Evidence 608(a), allowing opinion testimony concerning a witness' character for truthfulness or untruthfulness, again to impeach Blanchard's testimony, on the basis that the offered opinion was not probative of Blanchard's truthfulness. The defendant, lastly, contends that the court erred in refusing to allow him to compel the attendance of a key witness at trial, upon the ground that if the witness testified he would violate his fifth amendment right against self-incrimination. In light of the trial record, showing that, with the exception of the court's improper exclusion of inquiry into Blanchard's alleged misappropriation, the defendant had an opportunity to fully and fairly present his defense, we cannot say the court erred in exercising its discretion as it did in these three instances.

*Reversed.*

All concurred.