**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Neal A. HARRIS, a/k/a Andre Neal Harris, Defendant–Appellant.**

**No. 93CA0784.**

Colorado Court of Appeals, Div. V.

Aug. 4, 1994.

As Modified on Denial of Rehearing Sept. 1, 1994.

Certiorari Denied March 20, 1995.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., and Deborah Isenberg Pratt, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Baroway, Porter & Thomas, P.C., E. Scott Baroway, Englewood, for defendant-appellant.

Opinion by Judge CASEBOLT.

Defendant, Neal A. Harris, appeals a judgment of conviction entered upon a jury verdict finding him guilty of attempted aggravated robbery and conspiracy to commit aggravated robbery. We affirm.

Defendant and a companion entered a liquor store where defendant's companion attempted to rob the store owner. During the robbery attempt, defendant's companion shot and seriously wounded the owner.

Defendant and his companion were charged with attempted murder, conspiracy to commit murder, assault, attempted aggravated robbery, and violent crime. The companion's case was severed and defendant was tried alone. A complicity instruction was also given.

Defendant testified at trial that he was unaware his companion intended to commit a robbery when they entered the liquor store. However, defendant acknowledged that: (1) his companion had purchased two handguns on the day of the robbery; (2) defendant and the companion had spent several hours riding around in a vehicle before the incident, during which the companion made several stops; and (3) during these stops defendant realized that the companion was trying to find a place to rob.

Over defense counsel's objection, on cross-examination defendant further testified that he was aware his companion had committed a convenience store robbery the week before the incident for which defendant was on trial. The trial court ruled that the evidence of the prior convenience store robbery was admissible.

The sole issue defendant raises on appeal is that the trial court erred in admitting the evidence of his companion's prior criminal acts.

## I.

■ Defendant first contends that, since his companion's prior convenience store robbery was not the defendant's own act, such evidence is inadmissible under CRE 404(b). We disagree.

CRE 404(b) provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

CRE 404(b) has been occasionally invoked by a defendant to try to show that someone other than himself committed the crime. See People v. Bueno, 626 P.2d 1167 (Colo.App. 1981); People v. Manners, 713 P.2d 1348 (Colo.App.1985). However, the application of CRE 404(b) to the acts of third parties in the context presented here has not been previously addressed by appellate courts in Colorado.

CRE 404(b) is identical to Fed.R.Evid. 404(b); hence, the federal interpretation of the rule is instructive. Davis v. Lira, 817 P.2d 539 (Colo.App.1991), rev'd on other grounds, 832 P.2d 240 (Colo.1992).

Commentators and courts addressing the issue under the federal rule have generally concluded that the word "person" as used in Fed.R.Evid. 404(b) includes individuals other than the accused. See generally E. Imwinkelried, Uncharged Misconduct Evidence § 2.05 (1984); see, e.g., United States v. McCourt, 925 F.2d 1229 (9th Cir.1991), cert. denied, —— U.S. ——, 112 S.Ct. 121, 116 L.Ed.2d 89 (1991). State courts have con-

cluded likewise. *See, e.g., State v. Gardner,* 498 N.W.2d 605 (Neb.App.1993).

Moreover, the Colorado Rules of Evidence on character evidence are explicit in defining to whom they refer. CRE 404(a)(1) refers to the character of the "accused"; CRE 404(a)(2) refers to the character of a "victim"; and CRE 404(a)(3) refers to the character of a "witness." Thus, since the plain language of CRE 404(b) refers to character evidence of a "person," it cannot be construed only to apply to the prior acts of an "accused." *See United States v. McCourt, supra* (construing identical federal rule); *see also People v. Rosenthal,* 670 P.2d 1254 (Colo.App.1983) (words contained in the rules of evidence must be interpreted according to plain and ordinary meaning).

Hence, the language of CRE 404(b) does not limit uncharged misconduct evidence to the defendant's own acts.

## II.

Defendant next contends that, even if evidence of the companion's acts may be admitted, under the circumstances present here, its admission was error. We do not agree.

■ Evidence of other crimes, wrongs, or acts is admissible when the following criteria are met: (1) the proffered evidence relates to a material fact; (2) the evidence is logically relevant; (3) the logical relevance is independent of the intermediate inference that the party has a bad character; and (4) the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. *People v. Spoto,* 795 P.2d 1314 (Colo. 1990).

### A.

Here, the evidence of the companion's prior crimes related to material facts in this case and was logically relevant because the facts relate directly to the charges of complicity, conspiracy to commit robbery and murder, and criminal attempt.

■ A person is guilty of an offense committed by another person if he is a complicitor. Conviction as a complicitor requires proof that: (1) a crime has been committed; (2) another person committed all or part of the crime; (3) the complicitor had knowledge that the other person intended to commit the crime; and (4) the complicitor aided, abetted, advised, or encouraged the principal. Section 18–1–603, C.R.S. (1986 Repl.Vol. 8B); *People v. Wilson,* 791 P.2d 1247 (Colo.App. 1990).

■ A person is guilty of conspiracy if, with the intent to promote or facilitate its commission, he agrees with another person that they, or one or more of them, will engage in conduct which constitutes a crime or attempt to commit a crime, or he agrees to aid the other person in the planning or commission of a crime or an attempt to commit a crime. Section 18–2–201, C.R.S. (1986 Repl. Vol. 8B).

■ A person is guilty of attempt if, acting with the kind of culpability otherwise required for commission of an offense, he engages in conduct constituting a substantial step toward the commission of the offense. Section 18–2–101(1), C.R.S. (1986 Repl.Vol. 8B). Moreover, a person who engages in conduct intending to aid another to commit an offense commits criminal attempt if the conduct would establish his complicity. Section 18–2–101(2), C.R.S. (1986 Repl.Vol. 8B).

■ Here, the defendant's knowledge and awareness of his companion's prior convenience store robbery, when coupled with his other knowledge of the companion's suspicious activity on the day of the offense, relate to whether or not defendant knew that the companion intended to commit the crimes charged and also to whether the defendant aided, abetted, or encouraged the companion. Further, they relate to whether there was any agreement to engage or aid in the planning or commission of the crimes charged. *See* Imwinkelried, *supra.* As as result, they also relate to the issues surrounding criminal attempt.

Moreover, because defendant's guilty knowledge is in dispute, his companion's previous misconduct was logically relevant to prove the defendant's culpable mental state. *See* E. Imwinkelried, *supra.*

■ Finally, since the evidence contradicted defendant's assertion that he was unaware of his companion's intentions, the trial court also admitted the evidence to impeach defendant's credibility. Once a person testifies, credibility is in issue in the case, *People v. Ibarra*, 849 P.2d 33 (Colo.1993); thus, the evidence relates to a material fact and is relevant. *See* Imwinkelried, *supra*, §§ 1:07, 1:10.

Hence, the evidence meets the first two criteria of the *Spoto* test.

■ We note that if the evidence had been admitted solely for impeachment purposes, it is questionable whether the *Spoto* analysis would be required. *Compare United States v. Rackley*, 986 F.2d 1357 (10th Cir.1993) (holding that when prior act evidence is admitted only for impeachment purposes, the appropriate evidentiary rule is Fed.R.Evid. 611(b)) *with United States v. Stockton*, 788 F.2d 210 (4th Cir.1986) (noting at footnote 15 that impeachment qualifies as a permissible purpose for the introduction of other crimes under Fed.R.Evid. 404(b), and implying that the rule's prerequisites must be met). However, because the evidence here was admitted both for proof of defendant's intent and knowledge *and* for impeachment purposes, we conclude that the *Spoto* analysis should be applied under the circumstances. *See United States v. Rackley; supra;* Imwinkelried, *supra* §§ 6:20, 6:21.

### B.

For us to conclude that the prior convenience store robbery is logically relevant independent of the intermediate inference that it demonstrates defendant's or his companion's character, we must find that there was a precise evidential hypothesis by which a material fact can be permissibly inferred from the prior act independent of the use forbidden by CRE 404(b). Additionally, the probative value of the evidence may not be substantially outweighed by the danger of unfair prejudice. *See People v. Spoto, supra.*

Here, in a hearing during trial outside the presence of the jury, the court determined the evidence was admissible on two grounds; first, to impeach the defendant's credibility, and second, to show defendant's intent and knowledge.

The logical relevance for credibility is independent of any impermissible character inference. Also, as the trial court noted, such evidence could be used to "infer he knew what was going on when they walked through the door." This is a proper rationale for admission under CRE 404(b) and, when analyzed in the context noted above, demonstrates that the logical relevance of the evidence is independent of any intermediate inference that defendant, or his companion, had a bad character.

Finally, the trial court implicitly held that the probative value was not substantially outweighed by the danger of unfair prejudice, stating that the proffered evidence was "a good balance in the line to be drawn as to what comes in front of the jury." While we note that the prosecutor's opening statement casts some doubt on his initial reasoning for relevance of this evidence ("Mr. Harris certainly knew he wasn't in the car with some angel"), we find no repetition of this reference to character repeated anywhere else in the record. Indeed, the prosecutor later indicated this evidence would bear upon intent and knowledge. Hence, we conclude that, under these circumstances, there was no abuse of discretion in the admission of this evidence. *See People v. Ibarra, supra.*

### III.

Defendant finally contends that the trial court erred in failing to give a contemporaneous limiting instruction at the time of introduction of this evidence and in the general charge to the jury. Under the circumstances of this case, we are not persuaded.

■ Defendant did not request either a contemporaneous limiting instruction or any limiting instruction in the general charge to the jury. While we note that the better practice would be to give such instructions regardless of whether they are requested, our supreme court has held that the trial court's failure to give such instructions on its own motion is not plain error. *People v. Gladney*, 194 Colo. 68, 570 P.2d 231 (1977); *People v. Scheidt*, 182 Colo. 374, 513 P.2d 446

(1973). *See also People v. White*, 680 P.2d 1318 (Colo.App.1984).

The judgment of conviction is affirmed.

STERNBERG, C.J., and NEY, J., concur.