## FOSTER, SHERIFF, ET AL. *v.* GILLIAM ET AL.

No. A–126.   Decided August 17, 1995

CHIEF JUSTICE REHNQUIST, Circuit Justice.

The State of South Carolina seeks relief from an order of the Court of Appeals for the Fourth Circuit, in which that court refused to stay the issuance of a writ of habeas corpus to respondents, defendants in criminal proceedings in South Carolina. The State asks that I stay the District Court's order and allow the State to resume its prosecution of respondents, and stay the enlargement of respondents pending appellate review of their habeas corpus petition.

Respondents were prosecuted in South Carolina state court in 1994 on charges of murder and lynching. During the trial, confusion and dispute arose over whether particular photographs that had been seen by the jury during a luncheon recess had actually been admitted into evidence or

1301

were merely marked for identification. The prosecuting attorney's motion for a mistrial was granted by the trial court over respondents' objection, and the trial court calendared the case for a second trial starting July 17, 1995. Between the first and the second trial, the trial court denied a motion by respondents to dismiss the charges on grounds of double jeopardy, and the Supreme Court of South Carolina dismissed respondents' appeal without ruling on its merits.

Respondents then sought habeas relief in federal court under 28 U. S. C. § 2254, and sought to enjoin the imminent second trial pending final disposition of their habeas petition. On July 11, 1995, six days before the second trial was to start, the District Court for the District of South Carolina refused to issue an injunction, and a panel of the Court of Appeals affirmed the District Court's determination four days later, with one judge in dissent. On July 20, three days into the trial, the Court of Appeals en banc granted respondents' request for a temporary restraining order, enjoined the state proceedings until the District Court ruled on respondents' habeas petition, and ordered the District Court to rule on the petition as expeditiously as possible. The State did not apply for a stay of the Court of Appeals' order at this time.

The very next day, the District Court, having held an 8-hour hearing to investigate respondents' double jeopardy claim, granted respondents' petition for a writ of habeas corpus. (This order, though entered July 21, was not reduced to writing for another week.) The District Court denied the State's application to stay the issuance of the writ on July 31, and the Court of Appeals denied a similar application on August 8. The State then made the application before me now.

However debatable may have been the justification for the Court of Appeals' July 20 order enjoining the continuation of a state criminal trial that had already begun, the trial was interrupted as of that date, and the State sought no relief in

this Court from the order of the Court of Appeals. Nothing I do now, several weeks later, can undo the interruption of the state trial, and I therefore decline to stay the District Court's order granting habeas relief to the extent that it enjoins the resumption of the state trial proceedings.

That portion of the District Court's order releasing respondents from custody, however, seems to me to stand on a different footing, and I believe that the State has met the traditional criteria for a stay of the enlargement of a prisoner in a habeas corpus proceeding. The state trial court ruled against respondents' double jeopardy claims on the merits. In *Arizona* v. *Washington*, 434 U. S. 497 (1978), we held that one claiming double jeopardy by reason of a second trial must show that there was no "manifest necessity" for the trial court to grant the State's mistrial motion. And we stated that the trial court's judgment about the necessity is entitled to great deference, never more so than when the judgment is based on an evaluation of such factors as the admissibility of evidence, any prejudice caused by the introduction of such evidence, and the trial court's familiarity with the jurors. *Id.*, at 513–514. *Washington* indicates that the State will be able to present at the least a substantial case on the merits on appeal, and the other traditional factors in a stay analysis counsel in favor of continued custody. See *Hilton* v. *Braunskill*, 481 U. S. 770, 777–778 (1987) (discussing the circumstances in which a stay of enlargement should be granted under Federal Rules of Appellate Procedure 23(c) and (d), which are virtually identical to this Court's Rules 36.3(b) and 36.4). I will therefore stay the enlargement of respondents under the District Court's July 21 order pending disposition of the State's appeal from that order (now set for argument before the en banc court on September 26) by the Court of Appeals.

Accordingly, the application for stay of enlargement is granted, and the application is otherwise denied.