The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Warren JONES, Defendant–Appellant.

No. 96CA1234.

Colorado Court of Appeals, Div. V.

March 5, 1998.

Rehearing Denied April 23, 1998.

Certiorari Denied Feb. 16, 1999.*

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Susan J. Schneider, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David Vela, Colorado State Public Defender, Martin Gerra, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge KAPELKE.

Defendant, Warren Jones, appeals the judgment of conviction entered upon a jury verdict finding him guilty of felony menacing. We affirm.

* Justice SCOTT and Justice BENDER would grant as to the following issue:

Whether the court of appeals erred in holding that the trial court did not err in prohibiting defendant from cross-examining his wife, the alleged victim, concerning the fact that she had been on probation for a misdemeaner theft conviction at the time she complained to the police about the petitioners's supposed crime of menacing?

The issue in this appeal is whether defendant was improperly denied an opportunity to impeach his wife, the victim, on cross-examination with evidence concerning a misdemeanor shoplifting conviction and the fact that she was on probation as a result of that conviction at the time of this offense. Defendant claims that the exclusion of such evidence constituted an abuse of the trial court's discretion and violated his confrontation rights under the Sixth Amendment and Colo. Const. art. II, § 16. We disagree.

### A.

■ Defendant first contends that evidence of his wife's probationary status was admissible to show that her cooperation with, and statements to, police following the menacing incident have been motivated by her "vulnerable status as a probationer." We are not persuaded.

■ Although this argument is made for the first time on appeal, we nevertheless address it because the exclusion of such evidence—if relevant to demonstrate the witness' motive for testifying or cooperating with police—carries Confrontation Clause implications. See Vega v. People, 893 P.2d 107 (Colo.1995).

■ Evidence of a witness' probationary status may be relevant to show a motivation for making certain statements if there is a possibility that such statements were prompted by a fear that the probation might be revoked. See Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); People v. Bowman, 669 P.2d 1369 (Colo. 1983).

Here, there is no evidence even to suggest that defendant's wife believed her probationary status was in jeopardy. Nor was there any basis for such a belief. Even under defendant's version of the facts, the wife would not have been implicated in any wrongdoing that might have jeopardized her status as a probationer. Under these circumstances, the wife's cooperation with the police would have had no effect on that status. Cf. Davis v. Alaska, supra (witness could have been implicated in a crime had he not identified the defendant as the perpetrator of that crime).

Thus, we conclude that evidence of the probationary status of defendant's wife was not relevant and that the trial court neither abused its discretion nor violated defendant's rights under the Confrontation Clause by excluding such evidence.

### B.

Defendant next claims the court erred in not allowing him to adduce evidence concerning his wife's shoplifting. He contends that such evidence was admissible under CRE 608(b) as a specific instance of conduct probative of her untruthfulness. Again, we are not persuaded.

■ As a general rule, evidence of a prior misdemeanor is inadmissible for impeachment purposes. See People v. Robles, 183 Colo. 4, 514 P.2d 630 (1973). However, CRE 608(b) permits a court, in its discretion, to admit evidence of specific instances of conduct on cross-examination if it is probative of truthfulness or untruthfulness. See People v. Gillis, 883 P.2d 554 (Colo.App.1994) (allowing admission of evidence of prior specific instances of lying to law enforcement officers); and People v. Armstrong, 704 P.2d 877 (Colo. App.1985) (allowing evidence surrounding defense witness' misdemeanor conviction which involved lying to protect the defendant); cf. People v. Sasson, 628 P.2d 120 (Colo.App. 1980) (evidence relating to defendant's misdemeanor drug conviction not admissible under CRE 608(b)).

■ The question whether evidence of misdemeanor shoplifting is probative of truthfulness or untruthfulness and therefore admissible for the purpose of impeachment under CRE 608(b) is one of first impression in Colorado.

The overwhelming majority of other courts that have considered this issue have concluded that, although shoplifting obviously involves a form of dishonesty, a disregard of the property rights of others is not probative of a propensity to be truthful or untruthful. See Punches v. State, 944 P.2d 1131, (Wyo. 1997) (trial court did not abuse its discretion in finding that evidence of shoplifting was not admissible under counterpart of CRE 608(b)); Rhodes v. State, 276 Ark. 203, 634 S.W.2d 107 (1982) (evidence of shoplifting not

admissible under counterpart of CRE 608(b)); *State v. Gollehon*, 262 Mont. 1, 864 P.2d 249 (1993) (evidence of theft and burglary not admissible under counterpart of CRE 608(b)); *State v. Hilsman*, 333 N.W.2d 411 (N.D.1983) (evidence of theft not admissible); *but see State v. Wyman*, 96 N.M. 558, 632 P.2d 1196 (1981) (evidence of embezzlement, burglary, auto theft, and larceny admissible under counterpart of CRE 608(b)). *See also United States v. Tillem*, 906 F.2d 814 (2d Cir.1990) (no abuse of trial court's discretion to find evidence of smuggling inadmissible under Fed.R.Evid. 608(b)); *United States v. Amaechi*, 991 F.2d 374, 379 (7th Cir.1993) ("We agree with nine other circuits that to include shoplifting as a crime of dishonesty would swallow the rule and allow any past crime to be admitted for impeachment purposes").

Accordingly, we hold that evidence of misdemeanor shoplifting is not admissible under CRE 608(b) and that the trial court therefore did not abuse its discretion in excluding such evidence.

The judgment is affirmed.

RULAND and CASEBOLT, JJ., concur.