In re The PEOPLE of the State
of Colorado, Plaintiff

v.

Joel Palma SEGOVIA, Defendant.

No. 08SA164.

Supreme Court of Colorado,
En Banc.

Nov. 24, 2008.

Mark D. Hurlbert, District Attorney, Fifth Judicial District, Anne P. Francis, Deputy District Attorney, Eagle, Colorado, Attorney for Plaintiff.

Theodore G. Hess, Bill Schubert, Hess & Schubert, LLP, Glenwood Springs, Colorado, Attorneys for Defendant.

Justice RICE delivered the Opinion of the Court.

In this original proceeding brought pursuant to C.A.R. 21, the defendant in a criminal case seeks review of the trial court's denial of his motion to dismiss on double jeopardy grounds. We issued a rule to show cause to the trial court and now make that rule absolute, holding that the trial court erred in finding evidence of a prior instance of shoplifting inadmissible pursuant to CRE 608(b). Based on what occurred during the trial, there was no manifest necessity to declare a mistrial. Accordingly, the Double Jeopardy Clause prohibits retrial of the defendant.

### I. Facts and Procedural History

Petitioner, Jose Palma Segovia (Palma),[1] is charged with sexual assault on a child. He was brought to trial on February 4, 2008, where the prosecution's chief witness was the thirteen-year-old victim, T.L. Palma contended that T.L.'s allegations were fabricated, and was prepared to offer videotapes and call witnesses to support his theory of the case.

---

**1.** Defense counsel and the court of appeals referred to Petitioner as Mr. Palma, rather than Mr. Segovia.

After T.L. testified, she was cross-examined by defense counsel. The following exchange occurred:

[Defense counsel]: Now, you have promised the Judge to tell the truth to this jury, haven't you?

[Witness]: Yes.

[Defense counsel]: And in order to tell the truth to the jury, that requires you to be honest, correct?

[Witness]: Yes.

[Defense counsel]: Okay. And—but you're not always honest, are you?

[Witness]: What do you mean?

[Defense counsel]: Well, I mean in mid-July, around July 15th of 2007, at your mother's store in Avon, you and Josh stole $100 from your mother's store, didn't you?

[Witness]: No.

At this point, the prosecutor objected and defense counsel asserted CRE 608(b) as grounds to allow the question.

Outside the presence of the jury, the trial court and the attorneys addressed the objection. The trial court ruled that the question about shoplifting was a prior bad act that was inadmissible pursuant to CRE 404(b) and was not properly noticed to the court and prosecutor. Additionally, the court held that defense counsel was attempting to attack T.L.'s truthfulness by extrinsic evidence, which was impermissible. The court also concluded the shoplifting incident would go to truthfulness only if counsel established "she was untruthful with regard to that issue when questioned by someone on that topic." Furthermore, the court held that the prosecution had not bolstered T.L.'s credibility on direct examination, so the witness's truthfulness was not at issue. Finally, the court concluded the error could not be corrected and *sua sponte* declared a mistrial.

Palma filed a motion to dismiss the charge on double jeopardy grounds. The trial court denied the motion and scheduled a second trial. Palma seeks review of that ruling.

■ An original proceeding is appropriate to prevent an excess of jurisdiction by a lower court where no other remedy would be adequate. *Paul v. People,* 105 P.3d 628, 632–

33 (Colo.2005). Because Palma may otherwise be forced to endure a second trial in violation of his constitutional rights, we exercise our original jurisdiction under C.A.R. 21. *See id.*

## II. Analysis

Palma seeks to have the charge against him dismissed on grounds of double jeopardy. He argues the trial court erred in its evidentiary ruling that defense counsel's question about shoplifting was improper. Palma contends that, because the trial court erred in its evidentiary ruling, there was no manifest necessity to declare a mistrial. Accordingly, Palma asserts that subjecting him to a second trial would constitute double jeopardy.

### A. Admissibility of Shoplifting Evidence

■ Trial courts are afforded considerable discretion in deciding evidentiary issues, so such decisions will not be disturbed absent an abuse of discretion. *Masters v. People,* 58 P.3d 979, 996 (Colo.2002). However, a trial court necessarily abuses its discretion if it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence. *People v. Wadle,* 97 P.3d 932, 936 (Colo.2004).

### 1. CRE 404(b) or CRE 608(b)

At the outset, we clarify some confusion in the trial court's ruling because it is not entirely clear under what rule the trial court found the question objectionable. The trial court merged its analysis of the evidence under two evidentiary rules: it found the substance of the shoplifting question objectionable pursuant to CRE 404(b) and found the method of proof objectionable pursuant to CRE 608(b). We first explain why the shoplifting question was properly at issue under rule 608(b), rather than rule 404(b).

■ Both rule 404(b) and rule 608(b) permit admission of evidence that would otherwise be considered inadmissible character evidence for limited purposes. Rule 404(b) prohibits the use of evidence to show a person acted in conformity with a certain character, but does not preclude use of that evi-

dence for other purposes, such as proof of motive, opportunity, intent, plan, or absence of mistake. *People v. Kraemer*, 795 P.2d 1371, 1377 (Colo.App.1990). Rule 404(b) does not address the use of evidence for impeachment. *Id.; see also* CRE 404(a)(3) (explaining that evidence of a person's character is admissible as provided in rule 608). In contrast, rule 608(b) governs evidence used to impeach a witness's credibility. Thus, evidence of specific acts used solely for impeachment is governed by rule 608(b), rather than rule 404(b). *Kraemer*, 795 P.2d at 1377; *People v. Harris*, 892 P.2d 378, 382 (Colo. App.1994) (suggesting that if the evidence is admitted solely for impeachment purposes, it is questionable whether a rule 404(b) analysis is required).

■ Here, defense counsel asked T.L. about the shoplifting act in order to impeach her credibility. This purpose is made apparent by counsel's foundational question: "But you're not always honest, are you?" The evidence was not offered for any of the purposes listed in rule 404(b), so the trial court erred when it applied that rule to the evidence.

### 2. CRE 608(b)

■ We next consider whether defense counsel's question was admissible under rule 608(b), starting with whether the question was the correct method of impeachment. Specific instances of conduct intended to impeach the credibility of a witness may not be proved by extrinsic evidence, but may be inquired into on cross-examination of a witness. CRE 608(b); *People v. Cole*, 654 P.2d 830, 832 (Colo.1982). The rule provides:

**2.** While it is prudent for counsel to seek a preliminary ruling as to the admissibility of a specific instance of conduct, *see* CRE 103(c), rule 608(b) does not require notice to the court or opposing counsel in this case. Nor does our holding in *People v. Pratt*, 759 P.2d 676 (Colo.1988). In *Pratt*, we considered the impeachment of a character witness pursuant to CRE 608(b)(2) with a specific instance of the defendant's conduct. *Id.* at 681. We held that a prosecutor should obtain a favorable ruling from the trial court before cross-examining a character witness concerning other acts of *the defendant*. *Id.* at 685. We reasoned that inquiry into the prior acts of a criminal defendant is generally not allowed. *Id.*

Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness other than conviction of crime as provided in [section] 13–90–101 may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness....

CRE 608(b). Extrinsic evidence is evidence not contained in the source before the court, but which is available from other sources. *Black's Law Dictionary* 597 (8th ed.2004). Thus, where a witness is testifying, her answer to any question is intrinsic evidence, while the admission of any documents or calling of other witnesses constitutes extrinsic evidence. *See People v. Taylor*, 190 Colo. 210, 213–14, 545 P.2d 703, 705–07 (1976). Here, defense counsel inquired about an act of shoplifting during cross-examination, which is intrinsic evidence that complies with rule 608(b). Therefore, the trial court erred in concluding that asking the question on cross-examination was extrinsic evidence.

■■ Because the question was not extrinsic evidence, we next consider whether an act of shoplifting is proper impeachment evidence under rule 608(b). If a witness takes the stand and testifies, she puts her credibility in issue. *People v. Drake*, 748 P.2d 1237, 1246 (Colo.1988). Thus, the opposing party is entitled to impeach the witness's credibility. *See id.* Under rule 608(b), a witness may be asked about specific instances of conduct[2] that are probative of a witness's character for truthfulness or untruthfulness.

at 682. Thus, the prosecutor's obligations before asking a question about a defendant's prior instances of conduct were similar to the prosecutor's obligations under CRE 404(b). *Id.* (explaining that a prosecutor must obtain a favorable ruling from the trial court before attempting to admit rule 404(b) evidence). Moreover, the specific instances of conduct offered in *Pratt* were highly prejudicial because they were irrelevant to the defendant's veracity and had no basis in fact. *Id.* at 683–84. *Pratt's* holding is a narrow one and has not been expanded. Accordingly, our holding in *Pratt* did not require defense counsel to seek a preliminary ruling in this case.

*E.g., People v. Pratt,* 759 P.2d 676, 680 (Colo. 1988). The rule does not explain how to determine if an act is probative of truthfulness, and there is no committee comment on the rule to guide our inquiry.

Colorado courts have held that the following instances of conduct are probative of the witness's truthfulness: providing false information to a police officer, *e.g., People v. Garcia,* 17 P.3d 820 (Colo.App.2000); intentionally failing to file tax returns, *Kraemer,* 795 P.2d 1371; and misrepresenting financial information to obtain a loan, *People v. Distel,* 759 P.2d 654 (Colo.1988). In contrast, Colorado courts have excluded acts of violence, *People v. Ferguson,* 43 P.3d 705 (Colo.App. 2001); instances of drug use, *People v. Saldana,* 670 P.2d 14 (Colo.App.1983); and bigamy, *People v. Lesslie,* 939 P.2d 443 (Colo. App.1996), because those acts are not probative of truthfulness.

This court has never considered whether an act of shoplifting is probative of truthfulness or untruthfulness pursuant to rule 608(b). In *People v. Jones,* however, the court of appeals concluded that "although shoplifting obviously involves a form of dishonesty, a disregard of property rights of others is not probative of a propensity to be truthful or untruthful." 971 P.2d 243, 244 (Colo.App.1998). We take this opportunity to decide whether shoplifting, an act that involves dishonesty, is probative of truthfulness.

To aid our analysis, we conducted a fifty-state and federal survey, which revealed the law is not well-settled.[3] A majority of federal courts and some state courts have held that acts of theft are not probative of truthfulness[4] or do not involve dishonesty.[5] In contrast, a number of courts have concluded that theft is probative of truthfulness[6] or dishonesty.[7]

These cases can be grouped into three categories, based on their view of the definition of truthfulness or dishonesty: broad, middle, and narrow. 3 Christopher B. Muel-

**3.** In our analysis, we found helpful cases that considered the definition of "untruthful" or "dishonest" pursuant to comparable rules of evidence. Courts that have addressed the question have interpreted two rules: a counterpart to FRE 608(b), which is identical to CRE 608(b), and a counterpart to FRE 609(a)(2), to which Colorado does not have a comparable rule. *Compare* § 13–90–101, C.R.S. (2008), *with* FRE 609. While FRE 608(b) allows impeachment by acts that are probative of truthfulness, FRE 609(a)(2) permits impeachment by non-felony convictions that involve dishonesty.

**4.** *Rhodes v. State,* 276 Ark. 203, 634 S.W.2d 107, 110–11 (1982) (shoplifting is not probative of truthfulness); *State v. Gollehon,* 262 Mont. 1, 864 P.2d 249, 258 (1993) (theft); *State v. Bashaw,* 147 N.H. 238, 785 A.2d 897, 900 (2001) (petty theft); *State v. Bell,* 338 N.C. 363, 450 S.E.2d 710, 720–21 (1994) (larceny); *State v. Woodfork,* 454 N.W.2d 332, 335 (S.D.1990) (shoplifting); *Punches v. State,* 944 P.2d 1131, 1138 (Wyo. 1997) (shoplifting).

**5.** *United States v. Dunson,* 142 F.3d 1213, 1215–16 (10th Cir.1998) (shoplifting does not involve dishonesty); *McHenry v. Chadwick,* 896 F.2d 184, 188 (6th Cir.1990) (shoplifting); *United States v. Scisney,* 885 F.2d 325, 326 (6th Cir. 1989) (shoplifting); *United States v. Yeo,* 739 F.2d 385, 387–88 (8th Cir.1984) (theft); *United States v. Ashley,* 569 F.2d 975, 979 (5th Cir.1978) (shoplifting); *United States v. Dorsey,* 591 F.2d 922, 934–35 (D.C.Cir.1978) (shoplifting) *superseded by statute,* 18 U.S.C. § 924 (1993), *as recog-*

*nized in United States v. Fennell,* 53 F.3d 1296 (D.C.Cir.1995); *United States v. Ortega,* 561 F.2d 803, 806 (9th Cir.1977) (shoplifting); *State v. Sims,* 526 N.W.2d 201, 202 (Minn.1994) (shoplifting).

**6.** *United States v. Smith,* 80 F.3d 1188, 1193 (7th Cir.1996) (theft is probative of truthfulness); *State v. Fields,* 730 N.W.2d 777, 783 (Minn.2007) (theft); *Shumpert v. State,* 935 So.2d 962, 971–72 (Miss.2006) (theft); *State v. Hurlburt,* 132 N.H. 674, 569 A.2d 1306, 1307 (1990) (misappropriation); *State v. Wyman,* 96 N.M. 558, 632 P.2d 1196, 1197–98 (Ct.App.1981) (theft).

**7.** *Richardson v. State,* 579 P.2d 1372, 1376–77 (Alaska 1978) (shoplifting involves dishonesty); *Webb v. State,* 663 A.2d 452, 461 (Del.1995) (shoplifting); *State v. Page,* 449 So.2d 813, 816 (Fla.1984) (petty theft); *People v. Spates,* 77 Ill.2d 193, 32 Ill.Dec. 333, 395 N.E.2d 563, 568 (1979) (theft); *State v. Grover,* 518 A.2d 1039, 1041 (Me.1986) (theft); *Jaramillo v. Fisher Controls Co.,* 102 N.M. 614, 698 P.2d 887, 895–96 (Ct. App.1985) (shoplifting); *State v. Brown,* 85 Ohio App.3d 716, 621 N.E.2d 447, 454 (1993) (theft); *Cline v. State,* 782 P.2d 399, 400–01 (Okla.Crim. App.1989) (theft); *State v. Gallant,* 307 Or. 152, 764 P.2d 920, 923 (1988) (petty theft); *Commonwealth v. Kyle,* 367 Pa.Super. 484, 533 A.2d 120, 123 (1987) (theft); *State v. Shaw,* 328 S.C. 454, 492 S.E.2d 402, 404 (Ct.App.1997) (shoplifting); *State v. Butler,* 626 S.W.2d 6, 11 (Tenn.1981) (shoplifting); *State v. Ray,* 116 Wash.2d 531, 806 P.2d 1220, 1228 (1991) (theft).

ler & Laird C. Kirkpatrick, *Federal Evidence* § 6.33 (3d ed.2007). The broad approach would allow testimony of any indication of weak or bad character as probative of veracity. *Id.* This approach improperly subjects a witness to questioning about almost any event in her past. Almost no modern decisions adopt this view. *Id.*

In contrast, the narrow approach requires the act to have an element of false statement or deception, limiting the inquiry to acts such as perjury, false statement, criminal fraud, embezzlement, or false pretense. *Id.* A majority of federal courts take this view.[8]

The middle view incorporates the narrow view but also suggests that conduct seeking personal advantage by taking from others in violation of their rights reflects on dishonesty or truthfulness. *Id.* In our view, the middle approach strikes the appropriate balance, as it acknowledges that some acts that do not involve false statement or misrepresentation are nonetheless probative of truthfulness. *See id.; United States v. Manske*, 186 F.3d 770, 775 (7th Cir.1999). Therefore, we decline to follow the courts that have reasoned that only acts that have an affirmative element of misrepresentation or false statement are probative of truthfulness, because these holdings create an unduly narrow category of acts that reflect on one's character for truthfulness.

■ We are most persuaded by those courts that have taken the middle approach and have concluded theft is probative of truthfulness or dishonesty.[9] "Dishonest" is a synonym for "untruthful." *Webster's New College Dictionary* 1568 (2005). It is illogical to conclude that an act which involves dishonesty is at the same time an act that is not probative of truthfulness. Moreover, common experience informs us that a person who takes the property of another for her own benefit is acting in an untruthful or dishonest way. *See Gordon v. United States*, 383 F.2d 936, 940 (D.C.Cir.1967) ("[A]cts of ... stealing, for example, are universally regarded as conduct which reflects adversely on a man's

honesty and integrity."); *see also State v. Shaw*, 328 S.C. 454, 492 S.E.2d 402, 404 (Ct.App.1997). Such behavior reflects on one's truthfulness because a person who stole from another may be more inclined to obtain an advantage for herself by giving false testimony. *Varhol v. Nat'l R.R. Passenger Corp.*, 909 F.2d 1557, 1567 (7th Cir.1990). Therefore, we hold that shoplifting is a specific instance of conduct that is probative of truthfulness pursuant to CRE 608(b). To the extent *Jones*, 971 P.2d 243, is contrary to our holding, we overrule it.

■ We note that a prior act of shoplifting does not always mean a witness will testify untruthfully. This is especially true where there are facts that lessen the blame attached to the act, e.g., the act is committed at a young age, as a result of peer pressure, or involves property of minimal value. However, such considerations generally go to the weight given the evidence by the jury, rather than to its admissibility.

■ Additionally, our holding does not restrict admissibility considerations under CRE 403 and other applicable evidentiary rules. *See, e.g., People v. Lesslie*, 939 P.2d 443, 452 (Colo.App.1996) ("[I]t is well within [the court's] discretion to exclude [CRE 608(b) evidence] as being more prejudicial than probative."). Therefore, a trial court could exercise its discretion to exclude an act of shoplifting if it found the act inadmissible for other reasons.[10]

Furthermore, our holding in no way suggests a misdemeanor *conviction* for shoplifting is probative of truthfulness. Rather, only the underlying circumstances surrounding the act are admissible pursuant to rule 608(b). *E.g., Drake*, 748 P.2d at 1246; *People v. Robles*, 183 Colo. 4, 7, 514 P.2d 630, 631 (1973); *People v. Garcia*, 17 P.3d 820, 829 (Colo.App.2000); *People v. Armstrong*, 704 P.2d 877, 880 (Colo.App.1985).

Because the trial court erroneously determined CRE 404(b) applied to the evidence and incorrectly interpreted CRE 608(b), we hold that the trial court abused its discretion

---

8. *See* federal cases cited *supra* note 5.

9. *See* cases cited *supra* notes 6 and 7.

10. The trial court in this case did not engage in a discretionary analysis under CRE 403.

in finding defense counsel's question improper.

## B. Declaration of Mistrial

 Double jeopardy is a constitutional guarantee prohibiting retrial of a defendant who has previously been tried for the same offense.[11] *People v. Berreth*, 13 P.3d 1214, 1216 (Colo.2000). The Fifth Amendment of the United States Constitution provides that no person "shall ... be subject for the same offense to be twice put in jeopardy...."[12] U.S. Const. amend. V. Similarly, the Colorado Constitution provides that no person "shall ... be twice put in jeopardy for the same offense." Colo. Const. art. II, § 18. Double jeopardy prevents the government from repeatedly trying to obtain a conviction against an accused, but also protects a defendant's right to have a verdict returned by a particular jury. *Berreth*, 13 P.3d at 1216.

 Where the first trial is terminated—without a defendant's consent—before the case is decided by the jury, double jeopardy bars a retrial unless the trial court had sufficient legal justification to declare a mistrial. *Id.* The trial court is justified in declaring a mistrial where the circumstances amount to "manifest necessity," or where the trial court in a "scrupulous exercise of judicial discretion [reaches] the conclusion that the ends of public justice would not be served by a continuation of the proceedings." *United States v. Jorn*, 400 U.S. 470, 485, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971); *see also Berreth*, 13 P.3d at 1216. Manifest necessity includes those circumstances, "substantial and real, that interfere with or retard 'the administration of honest, fair, even-handed justice to either, both, or any, of the parties to the proceeding.'" *People v. Castro*, 657 P.2d

932, 942 (Colo.1983) (quoting *Brown v. People*, 132 Colo. 561, 569, 291 P.2d 680, 684 (1955)). The General Assembly has listed a number of circumstances where a mistrial is justified. § 18–1–301(2)(b), C.R.S. (2008).[13] While the list is not exhaustive, *Paul*, 105 P.3d at 633, the statute and case law clearly establish that manifest necessity arises where circumstances are serious and outside the control of the trial court. *Berreth*, 13 P.3d at 1217. Finally, a mistrial is justified only where other reasonable alternatives are no longer available. *Paul*, 105 P.3d at 633.

We conclude the trial court was not faced with manifest necessity to declare a mistrial. As discussed above, CRE 404(b) did not apply, and defense counsel's question was proper in substance and form pursuant to CRE 608(b). Thus, there was no error in the proceedings. Without error, there was no reason to declare a mistrial.

We recognize the trial court did not have the benefit of our holding that shoplifting is probative of truthfulness. However, even assuming the question was improper under CRE 608(b), the circumstances still did not amount to manifest necessity. First, T.L. answered the question in the negative, denying she stole any money from her mother. Thus, there was no evidence before the jury that the witness had engaged in a prior instance of shoplifting. Moreover, T.L.'s credibility was already impeached by testimony that she hated Palma and wanted him out of her life. Thus, the shoplifting question was not an isolated incident of impeachment. Additionally, any concern about prejudice caused by the question itself could have been resolved with a curative instruction reminding jurors that only answers to questions, and not the questions themselves, are

11. There is no question that jeopardy has attached to the charge against Palma because the jury was sworn before the mistrial was declared. *See People v. Berreth*, 13 P.3d 1214, 1216 (Colo. 2000).

12. The Fifth Amendment applies to the states through the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 794, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).

13. Section 18–1–301(2)(b) states:
Termination is not improper ... [if the] trial court finds that: (I) The termination is neces-

sary because it is physically impossible to proceed with the trial in conformity with the law; or (II) There is a legal defect in the proceedings that would make any judgment entered upon a verdict reversible as a matter of law; or (III) Prejudicial conduct has occurred in or outside the courtroom making it unjust either to the defendant or to the state to proceed with the trial; or (IV) The jury is unable to agree upon a verdict; or (V) False statements of a juror on voir dire prevent a fair trial.

evidence. *See People v. Harlan,* 8 P.3d 448, 473 (Colo.2000) ("Absent evidence to the contrary, we presume that a jury follows the trial court's instructions."). However, the trial court summarily dismissed any curative instructions, so the court failed to exhaust other reasonable alternatives.

Based on these facts, we hold that any error in the proceedings—as perceived by the trial court—was insubstantial and did not rise to the level of interfering with the administration of justice. Thus, there was no legal justification for declaring a mistrial, and double jeopardy bars retrial of Palma on this charge.

### III. Conclusion

We conclude it was proper for defense counsel to inquire, on cross-examination, about the witness's prior act of shoplifting, and therefore the trial court was not justified in declaring a mistrial. Without manifest necessity to declare a mistrial, double jeopardy bars retrial of Palma. We make the rule absolute and order the trial court to dismiss the charge.

Justice EID dissents, and Justice COATS joins in the dissent.

Justice EID, dissenting.

The majority holds that, because shoplifting is probative of truthfulness, the question posed by Palma's attorney to T.L. was proper under CRE 608(b). Yet the majority's approach is flatly contrary to the plain language of Rule 608(b), which leaves to the "discretion of the [trial] court" whether a specific instance of conduct that is probative of truthfulness can be inquired into on cross-examination. The majority then compounds its error, in my view, by approving the manner in which the question was asked—that is, without warning to either the trial court or the prosecution. Finally, the majority mistakenly accords no deference to the trial court's determination of manifest necessity for a mistrial. Because the trial court exercised sound discretion in finding the question improper under Rule 608(b) and in finding manifest necessity for a mistrial, I would permit retrial of Palma on charges of sexual

assault on a child. I therefore respectfully dissent.

### I.

Rule 608(b) provides that "[s]pecific instances of conduct of a witness" may *"in the discretion of the [trial] court,* if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness ...." (emphasis added). Under the language of the rule, the threshold question is whether the specific conduct is probative of truthfulness or untruthfulness; if it is, the trial court must exercise its discretion to decide whether an inquiry into the conduct may proceed. By finding the question proper in this case because it was probative of truthfulness, the majority's analysis misses the second step. The majority's approach thus fails to recognize that "[e]ven if prior acts by a witness bear on credibility [for truthfulness or untruthfulness], the trial judge has discretion under [Rule 608(b) ] either to allow or to block questions about those acts." Christopher B. Mueller & Laird C. Kirkpatrick, *Federal Evidence* § 6:34 at 223 (3d ed.2007).

In this case, the trial court exercised its discretion specified under Rule 608(b) to find the question improper. First, the court questioned whether the alleged incident even amounted to an act of shoplifting or theft. Second, it expressed concern with the prejudicial impact of the question. Finally, the court expressed frustration with Palma's counsel for asking the question without any notice to it or to the prosecution, in violation of its pretrial order. The majority's rationale—that shoplifting is probative of truthfulness, and that therefore the question posed by Palma's attorney was proper—gives no weight to these discretionary concerns. In other words, the majority gives no meaning to the express language in Rule 608(b) permitting such questions only at "the discretion of the [trial] court." *See People v. Pratt,* 759 P.2d 676, 681 (Colo.1988) (stating that "the decision whether to allow this type of cross-examination [under Rule 608(b) ] is within the discretion of the trial court").

As to the trial court's first concern, the majority conducts a fifty-state survey, con-

cluding that it is "most persuaded by those courts that have taken the middle approach and have concluded theft is probative of truthfulness or dishonesty." Maj. op. at 1132.[1] It then holds that because the question posed by Palma's attorney involved shoplifting, it was proper. *Id.* But nothing in the decisions cited by the majority, or in the Mueller and Kirkpatrick treatise upon which the majority relies, *id.* at 1132, suggests that cross-examination regarding theft or shoplifting is *categorically* proper under Rule 608(b). On the contrary, the treatise suggests that "[t]heft in all its forms is not always an appropriate subject for inquiry." Mueller & Kirkpatrick, § 6:33 at 213. Indeed, the treatise goes on to suggest that "questioning about minor pilfering or stealing should be carefully watched." *Id.; see also United States v. Amaechi*, 991 F.2d 374, 379 n. 2 (7th Cir.1993) (suggesting a distinction between "walk[ing] off with a $500 jacket as opposed to a stick of gum"). Under the majority's categorical approach, the question was proper simply because it accused T.L. of shoplifting, even though (in the trial court's view) the incident might not have amounted to shoplifting or theft at all.

The majority acknowledges that "a prior act of shoplifting does not always mean a witness will testify untruthfully," and notes that "[t]his is especially true where there are facts that lessen the blame attached to the act." Maj. op. at 1132. Yet, in the view of the majority, "such considerations generally go to the weight given the evidence by the jury, rather than its admissibility." *Id.* In other words, under the majority's categorical approach, the discretionary concerns cited by the trial court in this case go to weight, instead of admissibility. Again, the majority's interpretation of Rule 608(b) ignores the plain language of the rule giving the trial court discretion in the admissibility decision.

The trial court's second concern focused on the potential for unfair prejudice that could stem from a question asked with such partic-

ularity—that is, stating that an incident of shoplifting occurred on a particular date. The particularity of the description lends credence, in the mind of the jury, to the assertion that the incident did in fact occur as described. "Once [Palma's counsel] asked the question, the jury was clearly informed that [he] believed such an incident had occurred and was improper." *Pratt,* 759 P.2d at 684. As the Mueller and Kirkpatrick treatise suggests, assessing the prejudicial impact of prior act evidence "seems acute [in the Rule 608(b) context], because there is seldom much certainty that nonconviction misconduct actually occurred." Mueller & Kirkpatrick, § 6:34 at 225; *see also Pratt,* 759 P.2d at 684 (party must have "good faith basis" to believe incident occurred as described).

It is also significant in this case that the question was posed to "the prosecution's chief witness[,] . . . the thirteen-year-old victim, T.L." Maj. op. at 1128. T.L.'s credibility was the key to the case, and the question posed by Palma's counsel "clearly was prejudicial and may have led the jury to discredit [her] testimony," *Pratt,* 759 P.2d at 685, regardless of the fact that she denied having stolen $100 from her mother's store. As the Mueller and Kirkpatrick treatise suggests, "character may be impugned simply by asking questions about specific behavior, since even a string of emphatic, heartfelt, and categorical denials may leave a witness effectively impeached." Mueller & Kirkpatrick, § 6:34 at 224. The majority simply ignores this aspect of the trial court's discretionary ruling.

Finally, the majority fails to give any weight to the trial court's procedural concerns regarding the manner in which the question was posed by Palma's counsel. In *Pratt,* we held that a prosecutor, in seeking to cross-examine a witness under Rule 608(b), must obtain a favorable ruling from the trial court prior to attempting to admit the evidence of specific conduct. 759 P.2d at

---

**1.** Contrary to the majority's suggestion, the so-called "middle approach" is not a statement about whether or not theft (or shoplifting) is or is not probative of truthfulness. What the "middle approach" does is to permit cross-examination under Rule 608(b) (and its counterparts under federal law and the law of other states) for specific conduct that may not involve actual falsehoods (required by the so-called "more focused" view), but involves some sort of dishonesty. Christopher B. Mueller & Laird C. Kirkpatrick, *Federal Evidence* § 6:33 at 206–07 (3d ed.2007).

684–85 (imposing such a requirement based in part on CRE 103(c), which provides that "proceedings shall be conducted, to the extent practicable, so as to prevent inadmissible evidence from being suggested to the jury by any means"). Here, the question was asked in front of the jury with no notice to the court or to the prosecution. Furthermore, in its colloquy with Palma's counsel, the court referred to its pretrial order requiring parties to present prejudicial evidence to the court in a motion in limine prior to trial. As the court stated, the purpose of the pretrial order was to permit consideration of problematic issues, such as the propriety of the shoplifting question, in advance of trial and out of the presence of the jury. Palma's counsel was on notice of the problematic nature of his question given that, as the majority acknowledges, Colorado law at the time of trial expressly *prohibited* the question. *See* maj. op. at 1131 (citing *People v. Jones*, 971 P.2d 243, 244 (Colo.App.1998), which held, "a disregard of property rights of others is not probative of a propensity to be truthful or untruthful," and therefore questions about prior shoplifting conduct are not permitted under Rule 608(b))). Palma was therefore required, under *Pratt* and the pretrial order, to raise the shoplifting issue prior to trial.

The majority disagrees, finding that while it would have been more "prudent" for counsel to have raised the issue prior to trial, he was not required to do so under Rule 608(b). Maj. op. at 1130 n. 2. Yet he was required to do so under the pretrial order and *Pratt.* The majority describes *Pratt's* holding as a "narrow one" that is applicable only to prosecutors, not defense attorneys. *Id.* There is nothing in *Pratt's* rationale, however—namely, the prevention of potentially inadmissible 608(b) evidence from coming before the jury—suggesting such a distinction. Even if

the failure to raise 608(b) evidence in advance of trial does not lead to automatic exclusion, it is a factor properly considered by a trial court in the exercise of its 608(b) discretion. In failing to recognize the importance of *Pratt* and the pretrial order in this case, the majority permits—and potentially encourages—parties to employ a surprise approach to Rule 608(b) evidence.[2]

## II.

The majority's mistaken analysis of the Rule 608(b) issue—that the question posed by Palma's attorney concerned shoplifting and therefore was proper—leads it to conclude that there was no manifest necessity for a mistrial in this case, and that therefore double jeopardy bars retrial of Palma on the charge of sexual assault on a child. Maj. op. at 1133. More troubling, however, is its conclusion that there was no manifest necessity for a mistrial even though the question was improper under Colorado law as it existed before the majority's ruling today. Maj. op. at 1133. Here, albeit in dicta, the majority again ignores the substantial amount of discretion accorded to the trial court—this time to determine whether a manifest necessity exists to declare a mistrial.

Colorado double jeopardy jurisprudence tracks that of the United States Supreme Court. *People v. Schwartz*, 678 P.2d 1000, 1011 (Colo.1984). A defendant has a right not to be tried for the same crime twice and to have the trial completed by a particular tribunal. *Arizona v. Washington*, 434 U.S. 497, 503, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978). Sometimes, however, "the compelling public interest in punishing crimes can outweigh the interest of the defendant in having his culpability conclusively resolved in one proceeding." *Garrett v. United States*, 471 U.S. 773,

**2.** The majority suggests that Rule 608(b) is subject to CRE 403 balancing, maj. op. at 1132, and seems to fault the trial court in this case for not engaging in such analysis. *Id.* at 1132 n. 10. But the trial court did not need to conduct Rule 403 balancing because it excluded the evidence, properly in my view, in its discretion under Rule 608(b). In addition, the majority's reference to Rule 403 balancing hardly restores the trial court's discretion under 608(b) that it takes away. Under the majority's categorical ap-

proach, the question here was proper under Rule 608(b) even though, as the trial court found, (1) there were concerns about whether the incident amounted to shoplifting or theft at all; (2) there was a risk of undue prejudice from the particularity of the question; and (3) the question was posed in a surprise fashion. Given the fact that the majority finds these discretionary considerations unavailing in the Rule 608(b) context, it is difficult to see how Rule 403 balancing could render a different result under its approach.

796, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985). "Taking all the circumstances into consideration," a trial court may declare a mistrial when "there is a *manifest necessity* ... or the ends of public justice would otherwise be defeated." *United States v. Perez,* 22 U.S. 579, 580, 6 L.Ed. 165 (1824) (emphasis added); *see also* § 18–1–1301(2)(b), C.R.S. (2008) (adopting manifest necessity standard); *Washington,* 434 U.S. at 506, 98 S.Ct. 824 (cautioning that " 'necessity' cannot be interpreted literally; instead, contrary to the teaching of Webster, we assume that there are degrees of necessity, and we require a 'high degree' before concluding that a mistrial is appropriate"). If jeopardy has attached, a finding of manifest necessity creates an exception that permits retrial. *People v. Berreth,* 13 P.3d 1214, 1216 (Colo.2000).

The declaration of a mistrial is within the sound discretion of the trial court. *Schwartz,* 678 P.2d at 1011 ("The determination of whether to declare a mistrial is a matter within the sound discretion of the trial court...."). *See also Washington,* 434 U.S. at 510, 98 S.Ct. 824 (trial court's determination is "entitled to special respect" where prejudicial remarks are involved); *Foster v. Gilliam,* 515 U.S. 1301, 1303, 116 S.Ct. 1, 132 L.Ed.2d 883 (1995) (Rehnquist, Circuit Justice 1995) ("[t]he trial court's judgment about the necessity [of a mistrial] is entitled to great deference...."); *People v. Owens,* 183 P.3d 568, 572–73 (Colo.App.2007) (finding trial court did not abuse its discretion in declaring mistrial when defense counsel referred to victim's "boyfriend" in violation of court's pretrial ruling).

The factual circumstances in this case are similar to those in *Washington.* In that case, the Arizona Supreme Court had granted a new trial to the defendant based upon the prosecution's failure to disclose exculpatory evidence. 434 U.S. at 498, 98 S.Ct. 824. During opening statements in the new trial, defense counsel referenced the previous trial and the prosecution's failure to disclose exculpatory information. *Id.* at 499, 98 S.Ct. 824. The trial judge declared a mistrial because of the prejudicial impact of defense counsel's opening remarks. *See id.* at 501, 98 S.Ct. 824. On review, the United States Supreme Court found the declaration of a mistrial to be proper. *Id.* at 503, 98 S.Ct. 824. The Court emphasized the importance of "appellate deference" in a case involving the prejudicial impact of a defense counsel's statement on the jury. *Id.* at 513, 98 S.Ct. 824. Such deference is appropriate because:

> [The trial judge] has seen and heard the jurors during their *voir dire* examination. He is the judge most familiar with the evidence and the background of the case on trial. He has listened to the tone of the argument as it was delivered and has observed the apparent reaction of the jurors. In short, he is far more conversant with the factors relevant to the determination [of a mistrial] than any reviewing court can possibly be.

*Id.* at 513–14, 98 S.Ct. 824 (citations and internal quotation marks omitted); *see also Foster,* 515 U.S. at 1303, 116 S.Ct. 1 (stating that, under *Washington,* "the trial court's judgment about the necessity [of a mistrial] is entitled to great deference, never more so than when the judgment is based on an evaluation of such factors as the admissibility of evidence, any prejudice caused by the introduction of such evidence, and the trial court's familiarity with jurors").

Here, the majority fails to accord any deference to the trial court's determination that there was a manifest necessity for a mistrial. Instead, it holds that a cautionary instruction to the jury could have cured any prejudice stemming from Palma's question to T.L. Maj. op. at 1133. The question is not, however, whether this court thinks a cautionary instruction might have been sufficient, but rather whether it was an abuse of discretion for the trial court to find a cautionary instruction insufficient under the circumstances. The Court in *Washington* addressed this very point, noting that while "some trial judges might have proceeded with the trial after giving the jury appropriate cautionary instructions," it would defer to the trial court's decision that such an instruction would have been insufficient. 434 U.S. at 511, 98 S.Ct. 824. While the majority faults the trial court for "fail[ing] to exhaust other reasonable alternatives" such as a cautionary instruction, maj. op. at 1134, there is

no "cautionary instruction" exhaustion requirement; rather, the fact that no cautionary instruction was given is a "significant" factor in evaluating whether there was manifest necessity for a mistrial. *People v. Castro*, 657 P.2d 932, 942 n. 8 (Colo.1983). As we observed in *Castro*, "[i]f a retrial were to be automatically barred merely because a reviewing court disagreed with the trial judge's assessment of the situation ... trial judges would be substantially impaired in their efforts to take remedial action to satisfy the legitimate ends of public justice in appropriate cases." *Id.* (citing *Washington*, 434 U.S. at 513, 98 S.Ct. 824). Contrary to the majority, I would find that the trial court exercised sound discretion in finding manifest necessity for a mistrial, and would therefore permit retrial of Palma on charges of sexual assault on a child.

### III.

Because the majority, in my view, fails to recognize the trial court's substantial discretion under both Rule 608(b) and in the manifest necessity determination, I respectfully dissent.

I am authorized to state that Justice COATS joins in this dissent.